**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Exactech, Inc.** | |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | **f/k/a Exactech U.S., Inc.** | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **59-2603930** | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **2320 NW 66th Court**<br>**Gainesville, FL 32653** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Alachua** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **https://www.exac.com/**

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Exactech, Inc.**                                                         Case number (*if known*) _____
_____
Name

**7.  Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

    3391

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

|         | District | When | Case number |
|---------|----------|------|-------------|
| District | _____ | When _____ | Case number _____ |
| District | _____ | When _____ | Case number _____ |

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☑ Yes.

List all cases. If more than 1, attach a separate list

Debtor   **SEE ATTACHED RIDER**   Relationship _____

Debtor    **Exactech, Inc.**
_____        Case number (if known) _____
Name

| | District | When | Case number, if known |
|---|---|---|---|
| | _____ | _____ | _____ |

---

**11. Why is the case filed in this district?**    *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

---

**█ Statistical and administrative information**

**13. Debtor's estimation of available funds**    *Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors \***

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☑ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets \***

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities \***

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**\* The Debtors' estimated number of creditors, assets, and liabilities noted here are provided on a consolidated basis.**

| Debtor | **Exactech, Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    10/29/2024
            MM / DD / YYYY

**X**   /s/ Donna H. Edwards            **Donna H. Edwards**
      Signature of authorized representative of debtor       Printed name

Title   **General Counsel and Senior Vice President**

---

| 18. Signature of attorney | **X**   /s/ Ryan M. Bartley       Date   10/29/2024 |
|---|---|

      Signature of attorney for debtor            MM / DD / YYYY

**Ryan M. Bartley**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street**
**Rodney Square**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600**      Email address   **rbartley@ycst.com**

**DE 4985**
Bar number and State

---

## **RIDER 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Exactech, Inc.

- Osteon Holdings, Inc.
- Osteon Intermediate Holdings I, Inc.
- Osteon Intermediate Holdings II, Inc.
- Exactech, Inc.
- XpandOrtho, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>        Exactech, Inc.,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 24-[_____] ([____]) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following corporation owns 10% or more of any class of the debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Osteon Intermediate Holdings II, Inc. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>                Exactech, Inc.,<br><br>                                    Debtor. | Chapter 11<br><br>Case No. 24-[_____] ([____]) |

**LIST OF EQUITY HOLDERS**

      The following is a list of debtor Exactech, Inc.'s significant equity holders.  This list has been prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Osteon Intermediate Holdings II, Inc. | 2320 NW 66th Court<br>Gainesville, FL 32653 | 100% |

Fill in this information to identify the case:

Debtor name **Exactech, Inc.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SIGNATURE ORTHOPAEDICS 7 SIRIUS ROAD LANE COVE WEST,    NW 2066 AU | SIGNATURE ORTHOPAEDICS ACCOUNTS RECEIVABLE PHONE: +61 2 9428 5181 FAX: +61 2 8456 6065 EMAIL: ACCOUNTS@SIGNATUREORTHO.EU | Contract Counterparty | Liquidated | | | $1,819,697 |
| 2 | MARLE INTERNATIONAL HOLDINGS Z.I. RUE LAVOISIER B.P. 46 52800 NOGENT, FR | MARLE INTERNATIONAL HOLDINGS TINA TIONGSON PHONE: +33325318579 FAX: +33325316265 EMAIL: | Trade Creditor | Liquidated | | | $1,039,100 |
| 3 | BLACKHAWK INDUSTRIAL 1501 SW EXPRESSWAY DR BROKEN ARROW, OK 74012 US | BLACKHAWK INDUSTRIAL CUSTOMER SERVICE PHONE: 918-610-4700 FAX: 918-994-5483 EMAIL: | Trade Creditor | Liquidated | | | $975,776 |
| 4 | HOGAN LOVELLS US LLP COLUMBIA SQUARE 555 THIRTEENTH STREET NW WASHINGTON, DC 20004-1109 US | HOGAN LOVELLS US LLP EMAIL REMIT PHONE: 202-637-5600 FAX: EMAIL: AR@HOGANLOVELLS.COM | Professional | Liquidated | | | $918,861 |
| 5 | ADVATA, INC 205 108TH AVE NE, STE 300 BELLEVUE, WA 98004 US | ADVATA, INC LUKE MEYERS PHONE: 425-443-5246 FAX: EMAIL: LUKE.MEYERS@ADVATA.COM | Licensor | Liquidated | | | $886,716 |
| 6 | GREENBERG TRAURIG, P.A. ATTORNEYS AT LAW 101 E. KENNEDY BLVD TAMPA, FL 33602 US | GREENBERG TRAURIG P.A. EMAIL REMIT PHONE: 850-222-6891 FAX: 850-681-0207 EMAIL: ACCT-CASHRECEIPTS@GTLAW.COM | Professional | Liquidated | | | $770,424 |

Debtor **Exactech, Inc.**
_____
Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 JARVIS SURGICAL INC. 53 AIRPORT RD WESTFIELD, MA 01085 US | JARVIS SURGICAL INC. CLAYTON JARVIS PHONE: 413-562-6659 FAX: 413-562-1988 EMAIL: | Contract Counterparty | Liquidated | | | $740,170 |
| 8 ORCHID MPS HOLDINGS, LLC 4600 EAST SHELBY DRIVE SUITE 1 MEMPHIS, TN 38118 US | ORCHID MPS HOLDINGS, LLC DELIGHT WILSON PHONE: 901-433-1990 FAX: 901-433-1989 EMAIL: | Trade Creditor | Liquidated | | | $704,989 |
| 9 PLAYFLY, LLC 22 CASSATT AVE BERWYN, PA 19312 US | PLAYFLY, LLC [CONTACT] PHONE: [ ] FAX: [ ] EMAIL: [ ] | Contract Counterparty | Liquidated | | | $650,000 |
| 10 REGENERATION TECHN. INC 11621 RESEARCH CIRCLE ALACHUA, FL 32615 US | REGENERATION TECHN. INC MELANIE PHONE: 386-462-3097 EXT4318 FAX: 386-462-3069 EMAIL: MNICHOLS@RTIX.COM | Contract Counterparty | Liquidated | | | $638,367 |
| 11 LIG SURGICAL 5119 S. 110TH E. AVE TULSA, OK 74146 US | LIG SURGICAL INC EMAIL REMIT PHONE: FAX: EMAIL: KBLUE@EXACTSURGICAL.COM | Contract Counterparty | Liquidated | | | $600,000 |
| 12 METHODS MACHINE TOOLS, INC. 13607 SOUTH POINT BLVD CHARLOTTE, NC 28273 US | METHODS MACHINE TOOLS, INC. LESLIE GIPSON PHONE: 704-587-0507 FAX: 704-587-0520 EMAIL: | Trade Creditor | Liquidated | | | $594,657 |
| 13 CAROMED ORTHOPEDICS, LLC 6258 MEMORIAL DRIVE OH, US 43017 | CAROMED ORTHOPEDICS, LLC [CONTACT] PHONE: 937-470-1318 FAX: [ ] EMAIL: [ ] | Contract Counterparty | Liquidated | | | $566,978 |
| 14 VT INDUSTRIES, INC. 1822 SE 12TH ST FL, US 34471 | VT INDUSTRIES, INC. [CONTACT] PHONE: 712-368-4381; 800-827-1615 FAX: 712-368-4111 EMAIL: INFO@VTINDUSTRIES.COM | Contract Counterparty | Liquidated | | | $551,533 |
| 15 LINKLATERS LLP 6501 THIRTEENTH STREET N.W. STE 400 SOUTH WASHINGTON, DC 20005 US | LINKLATERS LLP PHONE: 202-654-9200 FAX: 202-654-9210 EMAIL: DEAN.MCCARTHY@LINKLATERS.COM | Professional | Liquidated | | | $530,539 |

| Debtor | **Exactech, Inc.** | Case number *(if known)* | |
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 16 | TITANIUM INDUSTRIES, INC. [ADDRESS] MINEAPOLIS, MN 55485-4113 US | TITANIUM INDUSTRIES, INC. EMAIL REMIT PHONE: 904-288-8300 FAX: 904-288-0074 EMAIL: ACHWIRE@TITANIUM.COM | Trade Creditor | Liquidated | | | $485,986 |
| 17 | DR. JOSEPH ZUCKERMAN [ADDRESS] | DR. JOSEPH ZUCKERMAN EMAIL REMIT PHONE: 212-598-6171 FAX: EMAIL: ROBYN.SMOLEN@NYULANGONE.ORG | Contract Counterparty | Liquidated | | | $469,028 |
| 18 | HEALTHTRUST PURCHASING GROUP, LP 155 FRANKLIN ROAD, STE 400 BRENTWOOD, TN 37027 US | HEALTHTRUST PURCHASING EMAIL REMIT PHONE: 615-344-3416 FAX: 866-739-2219 EMAIL: VENDORBACKUP@HEALTHTRUSTPG.COM | Contract Counterparty | Liquidated | | | $460,110 |
| 19 | STEVEN SZABO [ADDRESS] | STEVEN SZABO [CONTACT] PHONE: [ ] FAX: [ ] EMAIL: [ ] | Contract Counterparty | Liquidated | | | $454,084 |
| 20 | FEDERAL EXPRESS P.O. BOX 660481 DALLAS, TX 75266-0481 US | FEDERAL EXPRESS EMAIL REMIT PHONE: 901-818-7500 FAX: EMAIL: USEFT@FEDEX.COM | Trade Creditor | Liquidated | | | $452,484 |
| 21 | HAMMILL MANUFACTURING CO. 360 TOMAHAWK DRIVE MAUMEE, OH 43537 US | HAMMILL MANUFACTURING CO. MARK BRAMMER PHONE: (419) 476-0789 FAX: (419) 476-7568 EMAIL: | Trade Creditor | Liquidated | | | $415,990 |
| 22 | AUTOCAM MEDICAL DEVICES 3607 BROADMOORE SOUTHEAST KENTWOOD, MI 49512 US | AUTOCAM MEDICAL DEVICES MIKE LUSHIN PHONE: 616-541-8080 FAX: 616-698-8876 EMAIL: TKEMPKER@AUTOCAM-MEDICAL.COM | Trade Creditor | Liquidated | | | $366,370 |
| 23 | TRINITY SURGICAL, LLC 1467 WANDO LANDING ST SC, US 29492 | TRINITY SURGICAL, LLC [CONTACT] PHONE: [ ] FAX: [ ] EMAIL: [ ] | Contract Counterparty | Liquidated | | | $340,285 |
| 24 | THE ORTHOPAEDIC & FRACTURE CLINIC 1431 PREMIER DRIVE MANKATO, MI 56001 US | THE ORTHOPAEDIC & FRACTURE CLINIC [CONTACT] PHONE: 507-386-6600 FAX: [ ] EMAIL: [ ] | Trade Creditor | Liquidated | | | $320,000 |

Debtor   **Exactech, Inc.**                                                      Case number *(if known)* _____

Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | JODY SWANSON<br>[ADDRESS] | JODY SWANSON<br>[CONTACT]<br>PHONE: [ ]<br>FAX: [ ]<br>EMAIL: [ ] | Contract Counterparty | Liquidated | | | $319,126 |
| 26 | DONSON MACHINE CO.<br>12416 S. KEDVALE AVENUE<br>ALSIP, IL 60803 US | DONSON MACHINE CO.<br>JOSE VARGAS<br>PHONE: 708-388-0880<br>FAX: 708-388-4308<br>EMAIL: | Trade Creditor | Liquidated | | | $298,818 |
| 27 | LIGHTFOOT, FRANKLIN, WHITE LLP<br>THE CLARK BUILDING 400 2TH STREET NORTH<br>BIRMINGHAM, AL 35203 US | LIGHTFOOT, FRANKLIN, WHITE LLP<br>REMIT<br>PHONE: 205-581-0700<br>FAX: 205-581-0799<br>EMAIL: JMCKEEVER@LIGHTFOOTLAW.COM | Professional | Liquidated | | | $289,400 |
| 28 | IN'TECH MEDICAL<br>93-95 AVENUE DU CHAMP DE GRETZ<br>RANG-DU-FLIERS,    62180 FR | IN'TECH MEDICAL<br>NICOLAS SPRIET<br>PHONE: 901-606-3722<br>FAX:<br>EMAIL: | Trade Creditor | Liquidated | | | $282,274 |
| 29 | BROADSPIRE, INC.<br>PO BOX 404579<br>ATLANTA, GA 30384-4579 US | BROADSPIRE, INC.<br>BROADSPIRE, INC<br>PHONE: 800-241-2541<br>FAX:<br>EMAIL: HEATHER.THEKAN@CHOOSEBROADSPIRE.COM | Trade Creditor | Liquidated | | | $273,663 |
| 30 | WUXI APPTEC INC<br>2540 EXECUTIVE CENTER DR<br>ST PAUL, MN 55120 US | WUXI APPTEC INC<br>DAO VANG<br>PHONE: 651-675-2000 EXT. 4022<br>FAX: 651.675.2005<br>EMAIL: | Trade Creditor | Liquidated | | | $267,756 |

**Fill in this information to identify the case:**

Debtor name    **Exactech, Inc**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **Corporate Ownership Statement; List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    10/29/2024    X  /s/ Donna H. Edwards
Signature of individual signing on behalf of debtor

**Donna H. Edwards**
Printed name

**General Counsel and Senior Vice President**
Position or relationship to debtor

**OSTEON INTERMEDIATE HOLDINGS II, INC.,
EXACTECH, INC., AND XPANDORTHO, INC. OFFICER'S CERTIFICATE**

October 28, 2024

The undersigned, as the Chief Financial Officer of Exactech, Inc. and each of the entities identified on <u>Schedule 1</u> to **<u>Exhibit A</u>** (each, a "<u>Company</u>" and collectively, the "<u>Companies</u>") hereby certifies, solely in his capacity as an officer of each Company and not in any individual capacity, as follows:

1.  I am the duly qualified and elected Chief Financial Officer of each Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.  Attached hereto are true, complete, and correct copies of the resolutions duly adopted at a meeting by the Special Committees of the Boards of Directors of Osteon Intermediate Holdings II, Inc., Exactech, Inc., and XpandOrtho, Inc. on October 28, 2024 (the "<u>Resolutions</u>").

3.  Since their adoption, the Resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By:  _/s/ Tony Collins_____
Name:  Tony Collins
Title:   Chief Financial Officer

## **Exhibit A**

**Resolutions**

**OMNIBUS RESOLUTIONS OF THE**
**SPECIAL COMMITTEES OF THE BOARDS OF DIRECTORS OF OSTEON**
**INTERMEDIATE HOLDINGS II, INC., EXACTECH, INC., AND XPANDORTHO, INC.**

October 28, 2024

WHEREAS, pursuant to notice duly given, a meeting (the "Meeting") of the special committees (each, a "Special Committee," and collectively, the "Special Committees") of the Boards of Directors of Osteon Intermediate Holdings II, Inc., a Delaware corporation, Exactech, Inc., a Florida corporation, and XpandOrtho, Inc., a Delaware corporation (each, a "Company" and collectively, the "Companies"), was convened on October 28, 2024;

WHEREAS, a quorum of each Special Committee participated throughout the Meeting;

WHEREAS, the Special Committees have reviewed and considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to them, and the effect of the foregoing on the Companies' businesses;

WHEREAS, the Special Committees have had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies;

WHEREAS, the Special Committees have determined in an exercise of their business judgment that it is advisable and in the best interests of the Companies to undertake the restructuring transactions set forth in that certain restructuring support agreement (the "Restructuring Support Agreement") by and among certain of the Companies and certain consenting creditors and shareholders, substantially in the form that has been or will be presented to the Special Committees, and to take such other actions with respect thereto;

WHEREAS, after a marketing process and negotiations with their stakeholders, the Companies have negotiated with certain of the prepetition secured lenders party to that certain credit agreement dated February 14, 2018, among Exactech, Inc, as borrower (the "Borrower"), Osteon Intermediate Holdings II, Inc., as holdings, the guarantors party thereto, Goldman Sachs Bank USA, as administrative and collateral agent (the "Prepetition Agent"), and the lender parties thereto (as amended, the "Credit Agreement") to provide a superpriority multi-draw debtor in possession credit facility (the "DIP Credit Facility") to the Borrower to fund the Company's' operations in the ordinary course, fund the administration of the Chapter 11 Cases (as defined herein), and pay the claims of certain vendors, employees, and other stakeholders in the ordinary course of business during the Chapter 11 Cases;;

WHEREAS, each Special Committee has been advised of the material terms of the DIP Credit Facility by and among Exactech, Inc., Osteon Intermediate Holdings II, Inc. the other parties thereto, GLAS USA LLC, as administrative agent and collateral agent (the "DIP Agent"), and each lender from time to time party thereto (the "DIP Lenders") (with such changes, additions, deletions, amendments, or other modifications thereto as the Authorized Signatory (as defined below) may

in its sole and absolute discretion approve (together with all exhibits, schedules, and annexes thereto, the "DIP Credit Agreement"));

WHEREAS, each Special Committee has reviewed and considered presentations by the management and financial and legal advisors of the Company regarding the DIP Credit Facility and DIP Credit Agreement;

WHEREAS, the obligation of the DIP Lenders to make the extensions of credit to the Companies is subject to, among other things, the Companies entering into the DIP Credit Agreement and satisfying certain conditions in the DIP Credit Agreement;

WHEREAS, the Companies will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of the Companies to enter into the DIP Credit Agreement and the other loan document entered in connection therewith and to perform their obligations thereunder, including granting liens, guarantees, and equity pledges;

WHEREAS, the Stalking Horse Purchaser (as defined in that certain form of asset purchase agreement, as of today's date (the "Stalking Horse APA"), by and among Exactech Inc., a Florida corporation, XpandOrtho, Inc., a Delaware corporation, and Osteon Intermediate Holdings II, Inc., a Delaware corporation, as sellers, and [●], as buyer, and GLAS USA LLC, as the Prepetition Agent and the DIP Agent) and the Company has negotiated the material terms of the Stalking Horse APA to govern the terms of the Stalking Horse Purchaser's purchase of certain assets (the "Assets") and assumption of certain liabilities of the Company, subject to the receipt of a higher or otherwise better offer;

WHEREAS, each Special Committee has reviewed the material terms of the Stalking Horse APA (together with each of the other certificates, documents, agreements, and schedules contemplated under the Stalking Horse APA, the "Stalking Horse APA Documents"), and after due consideration and deliberation, determined that each of the transactions contemplated by the Stalking Horse APA and the Stalking Horse APA Documents (the "Sale Transactions") are advisable, fair to, and in the best interests of the Companies and their creditors and stakeholders;

WHEREAS, the consummation of the Sale Transaction is subject to the Companies filing a motion (the "Sale Motion") with the Bankruptcy Court (as defined herein), seeking, among other things, approval of (i) an auction process (the "Auction") that will govern the marketing and sale of the Assets through certain bidding procedures (the "Bidding Procedures") to the Stalking Horse Purchaser or another bidder with the highest or otherwise best offer (such bidder, the "Winning Bidder") and (ii) the Stalking Horse Purchaser as the stalking horse bidder and certain related bid protections;

WHEREAS, the Special Committees have had an opportunity to consult with the Companies' financial and legal advisors and review the chapter 11 preparation materials provided by the Companies' financial and legal advisors;

WHEREAS, the Special Committees have determined that it is in the Companies' best interests to seek relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Special Committees hereby take the following actions and adopt the following resolutions pursuant to the organizational documents of each of the Companies, as applicable, and the laws of the state of Delaware or Florida, as applicable:

NOW, THEREFORE, BE IT,

**Voluntary Petition for Relief Under Chapter 11 of the Bankruptcy Code**

RESOLVED, that in the judgment of the Special Committees, it is desirable and in the best interests of the Companies (including a consideration of each Company's creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable laws in the United States.

RESOLVED, that the members of the Special Committees or any other duly appointed officer of the Companies authorized by the Special Committees to act on behalf of the applicable Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to (i) execute and file on behalf of the Companies all petitions, affidavits, declarations, first day motions, schedules, statements of financial affairs, lists and other motions, applications, pleadings, papers, or documents; (ii) take and perform any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' business; (iii) appear as necessary at all bankruptcy proceedings on behalf of the Companies; and (iv) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the actions of any Authorized Signatory taken pursuant to the preceding resolution, including the execution, acknowledgment, delivery, and verification of the petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of such Authorized Signatory's approval and the necessity or desirability thereof.

**Restructuring Support Agreement**

RESOLVED, that the Companies shall be, and hereby are, authorized to enter into the Restructuring Support Agreement, with such changes, additions, and modifications thereto as an Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by an Authorized Signatory's execution and delivery thereof.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and empowered to enter into, on behalf of the Companies, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance the Companies' rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute the Restructuring Support Agreement on behalf of the Companies and to take all necessary actions in furtherance of consummation of such agreement's terms.

## Retention of Professionals

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the law firm of Ropes & Gray LLP as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ropes & Gray LLP.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Young Conaway Stargatt & Taylor LLP, as co-bankruptcy counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor LLP .

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Centerview Partners, LLC, as investment banker to the Companies to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of Centerview Partners, LLC.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Riveron RTS, LLC, as financial advisor, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Riveron RTS, LLC.

RESOLVED, that the Authorized Signatories be, and they hereby are authorized and directed to employ Kroll Restructuring Administration LLC, as notice, claims, solicitation and balloting agent in connection with the Chapter 11 Cases; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Kroll Restructuring Administration LLC.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Abernathy Macgregor Group, Inc., as strategic communications advisor, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Abernathy Macgregor Group, Inc., if applicable.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Companies' Chapter 11 Cases, with a view to the successful prosecution of such case.

**DIP Facility**

RESOLVED, the DIP Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, and guarantees, liens, and equity pledges granted in connection therewith, be, and hereby are, authorized, adopted and approved on such terms substantially consistent with those presented to the Special Committee on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Signatories, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Companies.

RESOLVED, that, in the judgment of the Special Committees, it is desirable and in the best interest of the Companies (including a consideration of their creditors and other parties in interest) to finalize, execute, and deliver the DIP Credit Agreement, subject to appropriate modifications and final negotiations, and the Companies' performance of their obligations thereunder, including granting liens, guarantees, and equity pledges..

RESOLVED, that the Companies' execution and delivery of, and the performance of their obligations in connection with the DIP Credit Agreement, is hereby, in all respects, authorized and approved; and further resolved, that the of the Authorized Signatories, acting alone or with one or more Authorized Signatories, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and any and all other documents, security agreements, guaranty agreements, certificates, instruments, agreements, and intercreditor agreements, any such changes therein, additions, deletions, amendments, or other

modifications thereto required to consummate the transactions contemplated by the DIP Credit Agreement in the name and on behalf of each Company, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in its sole and absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable.

RESOLVED, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby is, authorized and directed to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form with such changes therein, additions, deletions, amendments, or other modifications thereto as any Authorized Signatory may in its sole and absolute discretion approve, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Companies, necessary to implement the postpetition financing, including providing for adequate protection to the secured parties under the Prepetition Credit Agreement in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of cash collateral in connection with the Chapter 11 Cases, which agreements may require adequate protection and liens to the DIP Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

RESOLVED, that (i) the form, terms, and provisions of the DIP Credit Agreement, (ii) the grant of (a) collateral under the DIP Credit Agreement and the other Financing Documents (as defined below) and (b) pledges of equity, (iii) the guaranty of obligations by the Guarantors (as defined in the DIP Credit Agreement) under the DIP Credit Agreement and the other Financing Documents, from which the Companies will derive value, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Signatory of each Company is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Board, and such other agreements, guarantees, security agreements, certificates, instruments, or other papers or documents to which the Company is or will be a party or any order entered into in connection with the DIP Credit Agreement (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve.

RESOLVED, that each Company, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens, guarantees, and providing equity pledges to secure such obligations.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file:  (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all schedules, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested under the Financing Documents; and (iv) such forms of officer's certificates and compliance certificates as may be required by the Financing Documents.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions.

**Entry into Stalking Horse APA**

RESOLVED, that each Company is authorized to enter into the Stalking Horse APA Documents with the Stalking Horse Purchaser for the sale of the Assets and to undertake any and all related transactions contemplated thereby, including the Sale Transaction, the Auction, and the Bidding Procedures, on the terms contained therein or on such other terms and conditions as the Authorized Signatories, or any of them, in their, his or her sole discretion, determine to be necessary, appropriate or desirable.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered in the name of, and on behalf of, each respective Company to execute, on behalf of each respective Company, the Stalking Horse APA Documents, and to execute and file, on behalf of each respective Company, the Sale Motion (including the Bidding Procedures) with the Bankruptcy Court.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered in the name of, and on behalf of, each respective Company to conduct the Auction as approved by the Bankruptcy Court pursuant to the Sale Motion and Bidding Procedures and to negotiate, for and on behalf of each respective Company, such agreements, documents, assignments and instruments as may be necessary, appropriate or desirable in connection with the sale to the Stalking Horse Purchaser or the Winning Bidder.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the Special Committees received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, as applicable, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Special Committees.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

* * * * *

## <u>Schedule 1</u>

### Filing Entities (State of Incorporation)

1. Osteon Intermediate Holdings II, Inc. (Delaware)
2. Exactech, Inc. (Florida)
3. XpandOrtho, Inc. (Delaware)