**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Exactech, Inc., *et al.*,[1] | Case No. 24-12441 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 255** |
| | **Obj. Deadline: December 27, 2024 at 4:00 p.m. (ET)** |

**NOTICE OF FILING OF THE ORDINARY COURSE PROFESSIONAL**
**DECLARATION OF SCHULZLAW PC**

**PLEASE TAKE NOTICE** that, in accordance with the procedures set forth in the

*Order (I) Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of*

*Business, (II) Waiving Certain Information Requirements of Local Rule 2016-2, and (III) Granting*

*Related Relief* [Docket No. 255] (the "OCP Order"),[2] the above-captioned debtors and debtor in

possession (collectively, the "Debtors") hereby file the OCP Declaration of SchulzLaw PC (the

"Ordinary Course Professional"), attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that objections to the OCP Declaration, if

any, must be filed in accordance with the OCP Order on or before **December 27, 2024**

**at 4:00 p.m. (ET)** with the United States Bankruptcy Court for the District of Delaware, 824 N.

Market Street, 3rd Floor, Wilmington, Delaware 19801.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Osteon Holdings, Inc. (7042); Osteon Intermediate Holdings I, Inc. (7778); Osteon Intermediate Holdings II, Inc. (1292); Exactech, Inc. (3930); and XpandOrtho, Inc. (4250). The Debtors' service address is 2320 NW 66th Court, Gainesville, Florida 32653.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the OCP Order.

**PLEASE TAKE FURTHER NOTICE** THAT, IF NO OBJECTIONS ARE FILED IN ACCORDANCE WITH THIS NOTICE, THEN THE ORDINARY COURSE PROFESSIONAL SHALL BE DEEMED TO BE AN ORDINARY COURSE PROFESSIONAL WITHIN THE PURVIEW OF THE OCP ORDER WITHOUT THE NECESSITY OF A HEARING OR FURTHER NOTICE, AT WHICH TIME THE DEBTORS SHALL BE AUTHORIZED TO COMPENSATE THE ORDINARY COURSE PROFESSIONAL CONSISTENT WITH THE TERMS OF THE OCP ORDER.

[*Remainder of page left intentionally blank*]

Dated: December 13, 2024
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Elizabeth S. Justison*
Ryan M. Bartley (No. 4985)
Elizabeth S. Justison (No. 5911)
Andrew A. Mark (No. 6861)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  rbartley@ycst.com
         ejustison@ycst.com
         amark@ycst.com


**ROPES & GRAY LLP**

Ryan Preston Dahl (admitted *pro hac vice*)
Benjamin M. Rhode (admitted *pro hac vice*)
Luke Smith (admitted *pro hac vice*)
191 N. Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
Email:     ryan.dahl@ropesgray.com
           benjamin.rhode@ropesgray.com
           luke.smith@ropesgray.com

*Counsel for Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**OCP Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Exactech, Inc., *et al*,[1] | Case No. 24-12441 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: December 27, 2024 at 4:00 p.m. (ET)** |

## DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

I, Carl Matthew Schulz, hereby declare that the following is true to the best of my knowledge, information, and belief:

1.      I am the owner and President of SchulzLaw, PC (the "Firm") which maintains offices at 1401 21st ST #6236, Sacramento, CA 95811.

2.      This Declaration is submitted in connection with the order (the "OCP Order") of the United States Bankruptcy Court for the District of Delaware dated December 2, 2024, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases.  Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the OCP Order.

3.      The Firm has represented and advised the Debtors as attorney with respect to global mobility matters (e.g., preparation of visas for the employment of foreign nationals), since April 1, 2024

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  Osteon Holdings, Inc. (7042); Osteon Intermediate Holdings I, Inc. (7778); Osteon Intermediate Holdings II, Inc. (1292); Exactech, Inc. (3930); and XpandOrtho, Inc. (4250).  The Debtors' service address is 2320 NW 66th Court, Gainesville, Florida 32653.

4.      The Firm is a legal services firm.

5.      The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with respect to such matters.  Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors:  delivery of global mobility legal services to allow Debtors to employ foreign nationals in the United States.

6.      The Firm does not keep in the ordinary course of business time records in one-tenth of an hour increments.  Legal services are rendered on a project, not hourly, basis pursuant to a fee agreement with schedule of project rate global mobility legal services.

7.      To the best of my knowledge, formed after due inquiry, neither I nor any professional employed by the Firm is a relative of the United States Bankruptcy Judge assigned to these chapter 11 cases, and the Firm does not have any connection with the United States Bankruptcy Judge, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), or any person employed by the U.S. Trustee that would render the Firm's retention in these chapter 11 cases improper.

8.      To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any professional thereof has any connection with, or currently represents, any of the Debtors' creditors or other parties in interest with respect to the matters upon which it is to be engaged.

9.      In addition, although unascertainable at this time after due inquiry, by virtue of the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities and individuals that are creditors of the Debtors in matters entirely unrelated to the Debtors and their estates.  The Firm does not and will not represent any such entity in connection with these pending chapter 11

cases and does not have any relationship with any creditor that would be adverse to the Debtors or their estates. I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of its creditors or estates - in respect of the matters for which the Firm will be engaged, nor will such representation impair the Firm's ability to represent the Debtors in these chapter 11 cases.

10.     In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matter in which the Firm will be engaged.

11.     The Firm is currently owed no money on account of prepetition services.

12.     As of the Petition Date, the Firm was not party to an agreement for indemnification with certain of the Debtors.

13.     As of the Petition Date, the Firm held a deposit in trust in the amount of $8,527.83.

14.     I understand the limitations on compensation and reimbursement of expenses under the OCP Order. Specifically, the Firm understands that in the event its fees and expenses exceed a total of $5,000 per month, on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable procedures or orders of the Court.

15.     Except as set forth herein, no promises have been received by the Firm or any partner, associate, or other professional thereof as to compensation in connection with these

chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court.

16.     The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these chapter 11 cases with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

17.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

18.     The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SchulzLaw, PC
By C. Matthew Schulz, President
1401 21st ST #6235, Sacramento, CA 95811

4