IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Exactech, Inc., et al.,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-12441 (LSS)<br><br>(Jointly Administered) |

**MOTION OF THE PLAINTIFFS' EXECUTIVE COMMITTEE
FOR RELIEF FROM AUTOMATIC STAY AND RELATED RELIEF**

The Plaintiffs' Executive Committee (the "PEC" or "Movants") in *In Re: Exactech Polyethylene Orthopedic Products Liability Litigation*, No. 1:22-md-03044 (E.D.N.Y.) (Garaufis, J.) (the "MDL"), hereby files this motion (the "Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order"), holding that the automatic stay does not bar the PEC from filing a motion in the United States District Court for the Eastern District of New York (the "MDL Court") seeking merely to preserve certain arguments available under Fed. R. Civ. P. ("Rule") 60(b) (the "Rule 60 Motion") that may otherwise be waived if not timely filed within the limits of Rule 60(c) by March 7, 2025.

Alternatively, if the Court were to find that the automatic stay applies, the PEC seeks relief from the automatic stay, pursuant to Bankruptcy Code section 362(d)(1) and Bankruptcy Rule 4001, for the limited purpose of allowing the PEC to file the Rule 60 Motion. If the Court finds that the stay applies and is not inclined to grant relief from the stay, then the PEC seeks

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Osteon Holdings, Inc. (7042); Osteon Intermediate Holdings I, Inc. (7778); Osteon Intermediate Holdings II, Inc. (1292); Exactech, Inc. (3930); and XpandOrtho, Inc. (4250). The Debtors' service address is 2320 NW 66th Court, Gainesville, Florida 32653.

confirmation that Rule 60(c)'s time limit for filing a reconsideration motion is also stayed. In support of this Motion, the PEC respectfully states as follows:

## JURISDICTION AND AUTHORITY

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are Bankruptcy Code §§ 362(a)(1) and 362(d)(1), Bankruptcy Rule 4001, and Local Rule 4001-1.

## BACKGROUND

### I. The MDL.

2. Exactech, Inc. ("Exactech") and its affiliated debtors (collectively, the "Debtors", and together with their non-debtor subsidiaries, the "Company") face more than 2,500 lawsuits in the United States stemming from defective and non-conforming hip, knee, ankle, and shoulder replacement products and other products the Company manufactured beginning in 2004.

3. On October 7, 2022, the Judicial Panel on Multidistrict Litigation ("JPML") formed MDL 3044 and transferred all product liability lawsuits filed in federal court against Exactech, Inc. and Exactech U.S., Inc. to the United States District Court for the Eastern District of New York. See MDL D.E. 1. On December 12, 2022, the MDL Court entered an order appointing the plaintiffs' steering committee, led by Ellen Relkin, Esq. and Kirk Pope, Esq. as plaintiffs' co-lead counsel.

4. The MDL plaintiffs' AMPI Complaint (defined below) names Exactech, Inc. and Exactech U.S., Inc. (the "Exactech Defendants"), as well as TPG, Inc. ("TPG"), Osteon Holdings, Inc., Osteon Merger Sub, Inc., and Osteon Intermediate Holdings II, Inc. (together, the "TPG Defendants"). MDL D.E. 164.

5. On January 11, 2023, the MDL Court entered an amended order permitting cases to be filed directly in the MDL Court for inclusion in the MDL without a separate transfer order. MDL D.E. 74 (the "Direct Filing Order"). The Direct Filing Order was limited to the Exactech Defendants. When the Direct Filing Order was entered, the PEC and the TPG Defendants were negotiating a potential direct filing order which would apply to the TPG Defendants.

6. On January 26, 2023, the MDL plaintiffs filed a master personal injury complaint against the Exactech Defendants, the TPG Defendants, and other TPG-affiliated entities. MDL D.E. 94. On March 22, 2023, the MDL plaintiffs filed their amended master personal injury complaint (the "AMPI Complaint") for the sole purpose of resolving certain jurisdictional questions related to TPG-affiliated limited partnerships and limited liability companies. *See* MDL D.E. 164. Additionally, the PEC, on behalf of the MDL plaintiffs, agreed to voluntarily dismiss those TPG-affiliated limited partnerships and limited liability companies that were subject to a tolling agreement, as part of an understanding pursuant to which the TPG Defendants would consent to a direct filing order.

7. The AMPI Complaint alleges direct causes of action against the Exactech Defendants; and causes of action in the nature of successor liability, veil piercing, and similar doctrines against the TPG Defendants. *See* MDL D.E. 164 ¶¶ 634-790. The MDL plaintiffs' claims against the TPG Defendants are based on the substantial control they exercised over the policies and operations of Exactech that played a direct role in MDL plaintiffs' injuries, resulting from among other things, their controlling equity ownership in Exactech and its Debtor affiliates obtained in the 2018 acquisition by TPG affiliates.

## II. The Motion To Dismiss The TPG Defendants And Related Proceedings.

8. On March 30, 2023, the TPG Defendants filed a letter to the MDL Court requesting a pre-motion conference regarding a motion to dismiss the AMPI Complaint (the "Motion to Dismiss"), MDL D.E. 176, to which the MDL plaintiffs responded, MDL D.E. 183.

9. On April 5, 2023 – prior to any briefing on the Motion to Dismiss – the MDL plaintiffs served discovery requests on the TPG Defendants, including their first requests for production of documents. Plaintiffs served a Rule 30(b)(6) deposition notice on TPG on May 17, 2023.

10. On May 18, 2023, TPG filed a motion to stay discovery against the TPG Defendants pending the resolution of their anticipated Motion to Dismiss, MDL D.E. 267, which the plaintiffs opposed, MDL D.E. 284. On May 19, 2023, the MDL Court held a pre-motion conference and set a briefing schedule for the Motion to Dismiss. MDL ECF Order 5/19/2023. The Motion to Dismiss filing deadline was set for June 9, 2023, with oppositions due July 14, 2023, and any reply due July 28, 2023. *Id.*

11. On May 30, 2023, the MDL Court granted the motion to stay discovery pending the resolution of the Motion to Dismiss stating, in part, that "there would be no prejudice to Plaintiffs" from the stay, as they "will receive discovery from the Exactech Defendants." MDL ECF Order 5/30/2023.

12. On July 28, 2023, the MDL plaintiffs and TPG Defendants jointly submitted a *Fully Briefed Motion to Dismiss for Failure to State a Claim* which, pursuant to the MDL Court's rules, included the Motion to Dismiss, the MDL plaintiffs' opposition thereto, and the TPG Defendants' reply. *See* MDL D.E. 376. The MDL plaintiffs filed a motion for leave to file a sur-reply on

August 3, 2023, to which the TPG Defendants filed an opposition on August 8.  MDL D.E. 382, 387.

13.     On February 23, 2024, the MDL plaintiffs filed a motion for relief from the order staying discovery against the TPG Defendants, MDL D.E. 551, which the TPG Defendants opposed, MDL D.E. 558.

14.     On March 7, 2024, the MDL Court issued a memorandum and order granting the Motion to Dismiss in its entirety, thereby dismissing the TPG Defendants from the MDL. *See* MDL D.E. 561 (the "Dismissal Order").  The interlocutory dismissal order did not offer the MDL plaintiffs any opportunity to re-plead even though Plaintiffs are customarily afforded at least one opportunity to amend upon dismissal. *Id.* The Order also did not expressly state dismissal was "without prejudice" however case law dictates that when an order does not state it is without prejudice and does not afford leave to replead, the Court's intent was a dismissal with prejudice as TPG has advocated. Lastly, because the Exactech Defendants remained and litigation against those parties continued, there was no direct ability to appeal until the entire case concluded.

15.     Although the MDL plaintiffs have not had the opportunity to amend the AMPI Complaint or otherwise challenge the Dismissal Order, the MDL Court has never determined that leave to amend would be fruitless or impossible – rather, the Dismissal Order simply found that the allegations in the AMPI Complaint were insufficient to support causes of action against the TPG Defendants. *See generally* MDL D.E. 561.

**III.    Documents Produced To The MDL
         Plaintiffs After Motion To Dismiss Briefing
         Closed Provide Grounds For Relief From The Dismissal Order.**

16.     Discovery in the MDL continued between the MDL plaintiffs and the Exactech Defendants after briefing closed on the Motion to Dismiss on July 28, 2023.  During the time

between July 28, 2023 and October 29, 2024 (when Exactech filed for chapter 11 relief), the Exactech Defendants produced 354,676 documents, including 1,929 documents which may constitute "newly discovered evidence" under Rule 60(b).

17. Embedded in these productions are documents that relate directly to the extent of TPG's control over the Company, its saddling of the Company with unsustainable debt, and its involvement in the conduct giving rise to the product liability claims at issue in the MDL, as well as to key allegations in the AMPI Complaint and arguments raised in the Motion to Dismiss briefing. Moreover, some of the most crucial documents that may constitute newly discovered evidence were a part of a production of 6,414 documents that was first made available to the MDL plaintiffs on March 4, 2024, which was only three days before entry of the Dismissal Order.

18. The one-year anniversary of the Dismissal Order is March 7, 2025. Rule 60(b) provides the grounds under which a party may obtain relief from a judgment or order. *In re Bressman*, 874 F.3d 142, 148 (3d Cir. 2017). Certain of those grounds must be brought within one-year of entry of the order or else movants will be foreclosed from making arguments with respect to those grounds. *See* Rule 60(c)(1); *In re eToys, Inc.*, 331 B.R. 176, 187-88 (Bankr. D. Del. 2005).

19. Therefore, before March 7, 2025, the MDL plaintiffs must file a motion under Rule 60(b) in order to preserve all available arguments and rights to relief under that Rule (e.g., seeking relief from the dismissal order on the basis of newly discovered evidence and leave to amend the complaint). The PEC strongly believes that the MDL plaintiffs have sufficient grounds to re-plead or obtain leave to re-plead based on the facts and documents produced after filing their complaint and/or briefing closed on the Motion to Dismiss. Such documents further substantiate the MDL plaintiffs' allegations and address deficiencies noted by the MDL Court.

**IV.     The Bankruptcy Proceedings.**

20.    On October 29, 2024 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing cases for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). On the Petition Date, a notice of bankruptcy filing was entered in the MDL, and on November 1, 2024 the MDL Court entered an order staying the MDL. MDL D.E. 753-55.

21.    The Debtors continue to manage their property and operate their business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

22.    Further information and background regarding the Debtors, the MDL, and these bankruptcy proceedings may be found in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.E. 18].

**ARGUMENT**

**I.    The Automatic Stay Does Not
Apply To The Proposed Rule 60
Motion Regarding TPG's Dismissal From The MDL.**

23.    Although the PEC believes the automatic stay does not apply to the relief the PEC wishes to seek in the MDL, out of an abundance of caution to avoid potentially violating the stay, we ask this Court to make that determination.

24.    The stay does not apply because the contemplated Rule 60 Motion does not constitute the commencement or continuation of an act against any of the Debtors. Section 362(a) provides, in relevant part, that a bankruptcy petition "operates as a stay" of "the **commencement or continuation** . . . of a judicial, administrative, or other action or proceeding **against the debtor** that was or could have been commenced before the [petition date] or to recover a claim against the

debtor that arose before [the petition date][.]" 11 U.S.C. § 362(a)(1) (emphasis added).[2] By its plain terms, the stay applies only to the debtor. *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 509 (3d Cir. 1997) ("Although the scope of the automatic stay is broad, the clear language of section 362(a)[1] stays actions only against a 'debtor'") (quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991)). "[I]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as . . . co-obligors, or others with a similar legal or factual nexus to" the debtor. *McCartney*, 106 F.3d at 509-10 (quotations and citations omitted).

25.     By its terms, Section 362(a)(1) does not apply to the Rule 60 Motion the PEC will file in the MDL. That motion does not seek any relief as to any of the Debtors, only as to TPG. The Rule 60 Motion will simply be the first step in reversing the dismissal of TPG from the MDL – the PEC does **not** propose to seek to reverse the Dismissal Order as to the TPG Defendants who are Debtors, including Osteon Holdings, Inc. and Osteon Intermediate Holdings II, Inc. The stay does not apply to the proposed proceeding against TPG, as TPG is not a Debtor, but rather an indirect shareholder[3] and (former) co-defendant. *See McCartney*, 106 F.3d at 509-10; 3 Collier on Bankruptcy ¶ 362.03 (16th 2024) ("The stay of litigation does not protect nondebtor parties who may be subjected to litigation for transactions or events involving the debtor . . . an action may be brought . . . against corporate shareholders [or] codefendants" without violating the stay).

26.     Moreover, the Rule 60 Motion does not seek to "commence[] or continu[e]" the MDL as to the Debtors – or, in substance, as to TPG either. Rather, the PEC merely seeks to

---

[2]  Because the contemplated Rule 60 Motion is not an act seeking possession or control of estate property, Section 362(a)(3) does not apply. *See* 11 U.S.C. § 362(a)(3).

[3]  TPG, Inc. is not a shareholder of any of the Debtors. Rather, a TPG affiliate (TPG VII Osteon Holdings, L.P.) owns 68% of the equity interests in Osteon Holdings, Inc., the Debtor at the top of the Debtors' corporate ownership chain. *See* Case No. 24-12438 D.E. 1 at 6; D.E. 18 Ex. A.

preserve arguments that it would otherwise waive pursuant to Rule 60(c), including arguments as to newly discovered evidence under Rule 60(b)(2). *See* Fed. R. Civ. P. 60(b)-(c). A primary purpose of the automatic stay is to "ensure the preservation of the status quo between a debtor and its creditors." *Taylor v. Slick*, 178 F.3d 698, 702 (3d Cir. 1999); *Checkers Drive-In Restaurants, Inc. v. Comm'r of Pats. & Trademarks*, 51 F.3d 107, 10838 (D.C. Cir. 1995) (citing, *inter alia*, *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 243 (9th Cir. 1994)). The Rule 60 Motion would not alter that status quo. If anything, the Rule 60 Motion, by preserving the MDL plaintiffs' rights to challenge the Dismissal Order – which existed as of the Petition Date and currently exists – will "effectuate[] the purposes of § 362(a)(1) by preserving the status quo until the bankruptcy process is completed or until the creditor obtains relief from the automatic stay." *Taylor v. Slick*, 178 F.3d at 702.

**II.     Even If The Court Finds That The
         Stay Applies, Cause Exists To Lift The Stay.**

    **A.     Legal Standards.**

27.     If the Court determines that the automatic stay does prevent filing the Rule 60 Motion, ample "cause" exists to lift the stay for the limited purpose of maintaining the MDL plaintiffs' pre-existing rights. Courts may grant relief from the automatic stay in appropriate circumstances. *See Wedgewood Inv. Fund, Ltd. v. Wedgewood Reality Grp., Ltd. (In re Wedgewood)*, 878 F.2d 693, 697 (3rd Cir. 1989). Specifically, Section 362(d)(1) provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay –
>
> (1)     For cause . . . .

11 U.S.C. § 362(d).

28.     The party seeking relief from the automatic stay has the burden of establishing a *prima facie* case that cause exists to grant such relief.  *See Save Power Ltd. v. Pursuit Athletic Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.)*, 193 B.R. 713, 718 (Bankr. D. Del. 1996) (citing *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576-77 (Bankr. D. Del. 1992)); *cf.* 11 U.S.C. § 362(g).  However, once the movant establishes a *prima facie* case of cause, the debtor has the burden of establishing that the stay should not be lifted.  *See Pursuit Athletic Footwear*, 193 B.R. at 718; *In re Scarborough-St. James Corp.*, 535 B.R. 60, 68 (Bankr. D. Del. 2015).

29.     The Bankruptcy Code does not define the term "cause," but it is a flexible concept courts base on the totality of the circumstances in each particular case.  *See, e.g., Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3rd Cir. 1997) ("Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case."); *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing *In re Wilson*).  Cause may be established by a single factor, such as "a desire to permit an action to proceed . . . in another tribunal."  *In re Rexene Prods. Co.*, 141 B.R. at 576 (*citing* H.R. Rep. No. 95-595, 95th Cong. 1st Sess., (1977)).

30.     Although the PEC maintains that the Rule 60 Motion does not in fact constitute the "continuation" of any action against the Debtor, if the Court disagrees with that characterization, cause still exists for relief from the stay.  Numerous courts in this District and elsewhere have found cause for relief from stay to permit litigation to commence or continue in another forum.  *See, e.g., In re Tribune Co.*, 418 B.R. 116, 126-30 (Bankr. D. Del. 2009) (granting stay relief to permit prosecution of litigation against debtor in non-bankruptcy forum based on application of the factors from *In re Rexene*); *In re Ice Cream Liquidation, Inc.,* 281 B.R. 154, 165-67 (Bankr.

D. Conn. 2002) (granting stay relief to allow pretrial and trial proceedings to occur in New York state court on sexual harassment claims against the debtor); *In re Pursuit Athletic Footwear, Inc.*, 193 B.R. at 719 (same); *see also In re Wilson*, 116 F.3d at 89-91 (permitting pending state court action to proceed against debtor); *In re RCS Capital Corp.*, Case No. 16-10223 (Bankr. D. Del. May 2, 2016) (Dkt. 686); *cf.* 3 Collier on Bankruptcy ¶ 362.07 ("Actions that are only remotely related to the case under title 11 or which involve the rights of third parties often will be permitted to proceed in another forum").

31. Courts in this District apply a three-pronged balancing test to determine whether "cause" exists for granting relief from the stay to continue litigation:

(1) Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(2) Whether the hardship to the non-bankrupt party by maintaining the stay considerably outweighs the hardship to the debtor; and

(3) Whether the creditor has a probability of prevailing on the merits.

*In re Rexene Prods. Co.*, 141 B.R. at 576 (citations omitted). These factors favor lifting the stay to permit the PEC to file the Rule 60 Motion in the MDL.

### B. The Rule 60 Motion Will Not Greatly Prejudice The Debtors Or Their Estates.

32. Lifting the stay for the limited purpose of allowing the Rule 60 Motion to be filed will not prejudice the Debtors or the estates. The three purposes of the automatic stay – (a) to prevent certain creditors from gaining a preference for their claims against the debtor; (b) to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and (c) to avoid interference with the orderly liquidation or rehabilitation of the debtor" – will not be hindered by the filing of the Rule 60 Motion. *See In re Tribune Co.*, 418 B.R. at 127.

33. First, the Rule 60 Motion will not provide the MDL plaintiffs with a preference over other creditors. The Rule 60 Motion relates only to the MDL plaintiffs' claims against non-Debtor TPG, and cannot give the MDL plaintiffs a leg up compared to other creditors because it is designed only to prevent the lapse of certain rights the plaintiffs now hold and held pre-Petition Date. In other words, the position of the MDL plaintiffs viz. other creditors will not change.

34. Second, there is no reason the Debtors would incur any defense costs or otherwise deplete any assets due to the Rule 60 Motion. The Rule 60 Motion is directed towards preserving the rights of the MDL plaintiffs to reverse the dismissal of TPG from the MDL; it is not directed towards any Debtor, and there is no reason the Debtors would become materially involved in a dispute between the MDL plaintiffs and TPG.[4]

35. Third, lifting the stay to permit the Rule 60 Motion will not interfere with the Debtors' rehabilitation. The PEC does not seek to take any other action in the MDL if granted relief from the stay. There is no reason any of the Debtors' personnel will be distracted from the Chapter 11 Cases by the Rule 60 Motion, which will have no effect on estate assets or operations. The first factor of the balancing test clearly weighs in favor of allowing relief from the automatic stay.

    **C.**    **The Hardship To The MDL Plaintiffs By Maintaining The Stay Considerably Outweighs Any Hardship To The Debtors Caused By Filing Of The Rule 60 Motion.**

36. The hardship to the Debtors resulting from lifting the stay to permit the Rule 60 Motion is minimal or nonexistent, as discussed above. The Debtors will not need to respond to

---

[4] In the long run, the Rule 60 Motion may reduce the burden on the Debtors' estates by eventually aiding in opening up other avenues of recovery on account of the MDL plaintiffs' claims relating to the Debtors' conduct.

the Motion, nor will any estate assets be at risk, or resources diverted from the Chapter 11 Cases. The bankruptcy will proceed as it has been, while the status quo is maintained in the MDL.

37. By contrast, the PEC and all the MDL plaintiffs it represents will be severely prejudiced if relief from stay is not granted. The MDL plaintiffs are seriously injured victims of defective medical products manufactured by Exactech. TPG, as Exactech's private equity sponsor during the relevant period, exercised significant control over Exactech, saddled it with unsustainable debt, and played a direct role in decision-making regarding the handling of Exactech's defective products. TPG is also one of the country's richest, largest, oldest, and most successful private equity firms. If the stay is maintained as to the Rule 60 Motion, the MDL plaintiffs will be unable to preserve certain rights and thereby TPG could be permanently dismissed from the MDL. The MDL plaintiffs could lose their best chance to recover fully for the costs, pain, and suffering they have experienced as a result of Exactech and TPG's conduct – a source of recovery that is not currently in bankruptcy, where the MDL plaintiffs are merely unsecured creditors.

38. Accordingly, the second factor supports a lift of the stay.

**D.  Movants Have A Strong Likelihood Of Success On The Merits On The Rule 60 Motion.**

39. Finally, Movants have a strong likelihood of success in prosecuting the Rule 60 Motion. The "required showing" for this prong "is very slight." *In re Rexene*, 141 B.R. at 578. Indeed, absent clearly applicable defenses, bankruptcy courts recognize that a detailed merits inquiry should be left to the court that would hear the matter if the stay is lifted. *Id.*; *see also In re Fonseca,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990) (citing *In re Adams,* 94 B.R. 838, 849 (E.D. Pa. 1989)); *In re Souders,* 75 Bankr. 427, 432-33 (Bankr. E.D. Pa. 1987). Movants anticipated Rule 60 Motion meets this undemanding burden.

40. The MDL Court, sitting in the Eastern District of New York, will consider the standards for relief under Rule 60(b) as set forth in Second Circuit precedent. As recognized by the Second Circuit, "Rule 60(b) allows relief from a judgment or order when evidence has been newly discovered or for any other reason 'justifying relief from the operation of the judgment.'" *Devlin v. Transp. Commc'ns Intl'l Union,* 175 F.3d 121, 131-132 (2d Cir. 1999) (quoting Fed. R. Civ. P. 60(b)(2), (6)).

41. To succeed under Rule 60(b)(2) based on newly discovered evidence, the movant must demonstrate that: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant [was] justifiably ignorant of them despite due diligence, (3) the evidence [is] admissible and of such importance that it probably would have changed the outcome, and (4) the evidence [is] not … merely cumulative or impeaching." *Mirlis v. Greer,* 952 F.3d 36, 50 (2d Cir. 2020) (internal quotation marks and citations omitted). Alternatively, Rule 60(b)(6) "'grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just'" and "'constitutes a grand reservoir of equitable power to do justice in a particular case.'" *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (quoting *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 (1988) and *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir. 1986)).

42. As set forth above, through discovery obtained from Exactech, Plaintiffs have acquired new evidence directly relating to, e.g., TPG's control of Exactech, the indebtedness TPG imposed upon Exactech, and TPG's control over decision making related to the handling of Exactech's defective products. The MDL plaintiffs were justifiably ignorant of this evidence at the pleading stage and during briefing on TPG's Motion to Dismiss, as discovery against TPG was stayed and Exactech failed to produce it in time to be considered or incorporated into the MDL

plaintiffs' pleading and/or briefing. Movants believe such evidence is both admissible and would impact the District Court's ruling on TPG's Motion to Dismiss, as it substantively relates to the operative issue – control over Exactech – and is not merely cumulative of facts and evidence already in the MDL plaintiffs' possession at the time of their pleading and briefing. Given the confidentiality markings and the protective order, we are not at liberty to enumerate the specific facts learned from the belated produced discovery.

43. Moreover, even if the evidence the MDL plaintiffs have acquired is not considered "newly acquired evidence" justifying relief under Rule 60(b)(2), relief under Rule 60(b)(6) is appropriate. As recognized by the Second Circuit, "[w]hen vacatur is sought in order to obtain leave to file an amended complaint, special considerations come into play." *Mandala,* 88 F.4th at 361. "In the post-judgment context, [the Second Circuit has] . . . given due regard to the liberal spirit of Rule 15 by ensuring plaintiffs at least one opportunity to replead." *Id.* at 362 (internal citations and quotations omitted). Here, MDL plaintiffs have not been afforded any opportunity to replead to attempt to address the pleading deficiencies identified in the Dismissal Order.

44. Movants clearly meet their "very slight" burden to demonstrate a likelihood of success on their anticipated Rule 60 Motion. *See In re Rexene,* 141 B.R. at 578. A more detailed inquiry into the merits of Movant's arguments is best left to the District Court. *Id.*

45. Accordingly, the third factor supports granting relief from the stay.

## **NOTICE**

46. Notice of this Motion has been provided to: (i) counsel for the Debtors; (ii) the United States Trustee; (iii) counsel for the Official Committee of Unsecured Creditors; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.

## **CONCLUSION**

WHEREFORE, Movants respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, (i) holding that the automatic stay does not bar the PEC from filing the Rule 60 Motion; and (ii) such other and further relief as it deems just and proper. Alternatively, the PEC seeks entry of an order modifying the automatic stay for the limited purpose of allowing the PEC to file the Rule 60 Motion in the MDL.

- 17 -

Dated: January 31, 2025              **BALICK & BALICK, LLC**

/s/ *Adam Balick*
Adam Balick, Esq. (No. 2718)
711 King Street
Wilmington, Delaware 19801
Telephone: (302) 658-4265
Facsimile: (302) 648-1682
Email: abalick@balick.com

-and-

**WEITZ & LUXENBERG, P.C.**

Ellen Relkin, Esq. (PHV to be submitted)
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Facsimile: (212) 344-5461
Email: erelkin@weitzlux.com

*Counsel on behalf of Co-lead counsel in connection with MDL 3044 - In Re: Exactech Polyethylene Orthopedics Products Liability Litigation*

# **EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Exactech, Inc., et al.,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 24-12441 (LSS)<br><br>(Jointly Administered) |

### ORDER GRANTING THE MOTION OF THE
### PLAINTIFFS' EXECUTIVE COMMITTEE FOR
### RELIEF FROM AUTOMATIC STAY AND RELATED RELIEF

Upon consideration of the *Motion of the Plaintiffs' Executive Committee for Relief from Automatic Stay and Related Relief* (the "Motion"),[2] seeking entry of an order, pursuant to section 362(a) of title 11 of the United States Code (the "Bankruptcy Code"), confirming that the automatic stay does not bar the PEC from filing a motion in the United States Direct Court for the Eastern District of New York (the "MDL Court") seeking to preserve certain arguments available to the MDL plaintiffs under Rule 60(b) that may otherwise be waived if the Rule 60 Motion is not timely filed within the limits of Rule 60(c) by March 7, 2025; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and venue in this direct being proper under 28 U.S.C. §§ 1408 and 1409; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the PEC having provided adequate and appropriate notice of the Motion under the circumstances; and the Court

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Osteon Holdings, Inc. (7042); Osteon Intermediate Holdings I, Inc. (7778); Osteon Intermediate Holdings II, Inc. (1292); Exactech, Inc. (3930); and XpandOrtho, Inc. (4250). The Debtors' service address is 2320 NW 66th Court, Gainesville, Florida 32653.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

having reviewed the Motion and the relief sought therein; and after due deliberation and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The automatic stay does not prohibit the PEC from filing the Rule 60 Motion in the MDL Court.

3. The PEC is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4. The Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and implementation of this Order.

5. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

Dated:

THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE