## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Exactech, Inc., *et al*,[1] | Case No. 24-12441 (LSS) |
| | (Jointly Administered) |
| Debtors. | **Docket Ref No. 540** |

### DEBTORS' OBJECTION TO THE
### MOTION OF THE OFFICIAL COMMITTEE
### OF UNSECURED CREDITORS TO ADJOURN THE HEARING
### APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT

Exactech, Inc. and its affiliated debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases hereby file this objection (the "Objection") to the *Motion of the Official Committee of Unsecured Creditors to Adjourn the Hearing Approving the Adequacy of the Disclosure Statement* filed by the Official Committee of the Unsecured Creditors (the "Committee") [Docket No. 540] (the "Motion")[2] whereby the Committee seeks to, on shortened notice, have the Disclosure Statement Hearing, currently scheduled for February 4, 2025, adjourned to February 27, 2025 or another date that is convenient for this Court.

As detailed below, the Debtors object to the Committee's request to adjourn the Disclosure Statement Hearing and respectfully submit that the Motion be denied.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Osteon Holdings, Inc. (7042); Osteon Intermediate Holdings I, Inc. (7778); Osteon Intermediate Holdings II, Inc. (1292); Exactech, Inc. (3930); and XpandOrtho, Inc. (4250). The Debtors' service address is 2320 NW 66th Court, Gainesville, Florida 32653.

[2] Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Motion.

**OBJECTION**

1.      Contrary to the Committee's assertions, the Debtors did not make "a calculated and strategic decision to jam the Committee (and the Court)" by filing an amended Disclosure Statement[3] and Plan.[4]  (Motion ¶ 2.)  This characterization is simply not true and is, frankly, surprising given the dialogue between the Committee and the Debtors that has been near-constant throughout this process.

2.      First, as a matter of chronology:  the Committee DS Objection[5] was filed on Tuesday, January 28, 2025.  At or around that time, the Debtors agreed to extend the objection deadline with respect to the Office of the United States Trustee (the "U.S. Trustee") to the close of business on Thursday, January 30, 2025, at the U.S. Trustee's request.[6]  Both prior to and after the DS Objections were filed, the Debtors have worked hard to address questions of disclosure and related matters.  Indeed, late in the day on Friday, January 31, 2025, the Debtors advised the Court

---

[3]   *Notice of Filing of (I) First Amended Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of Exactech, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Redline of Same* [Docket No. 535] (the "First Amended Disclosure Statement").

[4]   *Notice of Filing of (I) First Amended Joint Chapter 11 Plan of Exactech, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Redline of the Same* [Docket No. 534] (the "First Amended Plan").

[5]   *Objection of the Official Committee of Unsecured Creditors of Exactech Inc., et al. to the Motion of Debtors for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) Scheduling Sale and Confirmation Hearing and Setting Dates and Deadlines With Respect Thereto, (III) Approving the Solicitation Packages and Notice Procedures, (IV) Approving the Forms of Ballots and Notices in Connection Therewith, and (V) Granting Related Relief* [Docket No. 529] (the "Committee DS Objection").

[6]   Consistent with the extension of the U.S. Trustee's objection deadline, the U.S. Trustee filed the *United States Trustee's Objection to the Motion of Debtors for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) Scheduling Sale and Confirmation Hearing and Setting Dates and Deadlines With Respect Thereto, (III) Approving the Solicitation Packages and Notice Procedures, (IV) Approving the Forms of Ballots and Notices in Connection Therewith, and (V) Granting Related Relief* [Docket No. 512] (the "UST DS Objection" and together with the Committee DS Objection, the "DS Objections") on January 30, 2025.

(at a hearing attended by the Committee) that they anticipated needing the weekend to finalize their responses to the DS Objections.

3.      At no point (including over this past weekend) did the Committee suggest that it would be 'jammed' if the Debtors filed a revised disclosure statement that was responsive to the Committee's own objection on Monday, February 3, 2025, as the Debtors sought to elicit revised language, disclosures, or supplements that might address the Committee DS Objection.  Quite the opposite:  the Debtors have been advised that there are simply no supplemental disclosures that could ever resolve the Committee's objection to the adequacy of disclosure.  And while the Debtors and Committee were engaged in constructive discussions on other topics throughout this period, including as late as 8:00 p.m. (prevailing Eastern Time) on Sunday, February 2, 2025, during these discussions the Committee did not request the adjournment of the Disclosure Statement Hearing.

4.      To this end, upon receiving the DS Objections, the Debtors have worked to prepare the First Amended Disclosure Statement, the First Amended Plan, and the Revised Proposed Disclosure Statement Order[7] to be responsive to the DS Objections.  (*See generally Debtors' Omnibus Reply to Objections to Disclosure Statement and Disclosure Statement Motion* [Docket No. 536] (the "Debtors' Reply")).  If the Court finds the Amended Disclosure Statement Filings does not adequately address the questions of "adequate information" raised in the Committee DS Objection, the Debtors will further supplement the Amended Disclosure Statement, although the

---

[7]    *Notice of Filing of Redline of Disclosure Statement Order* [Docket No. 537] (the "Revised Proposed Disclosure Statement Order" and together with the First Amended Disclosure Statement and the First Amended Plan, the "Amended Disclosure Statement Filings").

Plan's substantive provisions, rather than the question of "disclosure," may be the motivating factor of the Committee's objections here.

5.      In any event, the Debtors have satisfied the requirements of Bankruptcy Rule 3017(a) by providing the required 28 days' notice of a hearing for approval of a disclosures statement.  The Debtors have also complied with Local Rule 3017-1 by providing the required 35 days' notice of the hearing on approval of the Disclosure Statement.  If debtors were required to provide a new 28 days' (or 35 days', under the Local Rules) notice upon each change to a proposed plan and disclosure statement made specifically in response to objections from interested parties, it would be all but impossible for a debtor to ever obtain approval of a disclosure statement. The changes to the Amended Disclosure Statement Filings do not raise new issues that would require additional notice; instead, the changes are directly in response to the DS Objections and other informal comments received from the U.S. Trustee, and the Debtors are hopeful that the Amended Disclosure Statement Filings resolve many of the issues raised in the DS Objections and informal comments.  (*See generally* Debtors' Reply at Ex. A (summarizing the objections raised in the DS Objections and the Debtors' responses, including responsive changes implemented through the Amended Disclosure Statement Filings)).  By way of example, attached as **<u>Exhibit A</u>** hereto is a chart summarizing the changes in the First Amended Plan and the how they relate directly to the DS Objections and informal comments from the U.S. Trustee.

6.      And it bears repeating that, since before the Committee DS Objection was filed, despite the Debtors' efforts to resolve the Committee DS Objection, the Committee has been clear in its stance that, outside of proposing an entirely new chapter 11 plan, the alleged deficiencies in the Disclosure Statement are incurable.  (*See* Committee DS Obj. ¶¶ 173-177).  Delaying for three weeks guidance from the Court on whether those deficiencies are truly incurable would benefit no

one.  The Debtors will continue to seek proposed language from the Committee to be included in the Disclosure Statement or included in a letter from the Committee to General Unsecured Creditors in the Solicitation Packages, to the extent the same would help to address the Committee's concerns with the Disclosure Statement.

7.      To be sure, the Debtors filed hundreds of pages comprising the Amended Disclosure Statement Filings early this morning.  (Committee Obj. ¶ 2).  The Debtors filed the Amended Disclosure Statement Filings on this timeline because they sought to review the DS Objections, to engage with the Committee and U.S. Trustee and to determine how they might resolve their issues, and to draft and implement modifications to the Amended Disclosure Statement Filings.  This was in no way intended to "jam" any party—or the Court.  The Debtors welcome constructive feedback from the Committee on the substance of the Disclosure Statement, as they have continued to do throughout these cases and will make revisions to the Amended Disclosure Statement Filings that are necessary to address issues or concerns raised by the Court.

## CONCLUSION

8.      Given the Committee's position that it is impossible to remedy the issue of the adequacy of the Disclosure Statement, more time is not what is required here to conserve estate resources.  Barring a consensual resolution of the issues amongst the parties, the most efficient path forward is to resolve the stalemate through the Disclosure Statement Hearing as soon as possible, namely at the Disclosure Statement Hearing currently scheduled for February 4, 2025.  The Debtors respectfully submit that the Motion be denied and that the Disclosure Statement Hearing should go forward as scheduled.

Dated:  February 3, 2025
        Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Ryan M. Bartley*
Ryan M. Bartley (No. 4985)
Elizabeth S. Justison (No. 5911)
Andrew M. Lee (No. [•])
1000 North King Street
Rodney Square
Wilmington, Delaware 19801
Tel.: (302) 571-6600
Facsimile: (302) 571-1253
Email:   rbartley@ycst.com
         ejustison@ycst.com
         alee@ycst.com

-and-

**ROPES & GRAY LLP**

Ryan Preston Dahl (admitted *pro hac vice*)
Benjamin M. Rhode (admitted *pro hac vice*)
Luke Smith (admitted *pro hac vice*)
191 N. Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
Email:   ryan.dahl@ropesgray.com
         benjamin.rhode@ropesgray.com
         luke.smith@ropesgray.com

-and-

Lindsay Barca (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (646) 728-1652
Email:   lindsay.barca@ropesgray.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit A**
Summary of Plan Changes

| Plan Revisions | Relevant Formal/Informal Objection |
|---|---|
| Defined Terms<br>   -  **Article I.A(10)**, Allowed<br>**Article II.A**, Administrative Claims<br>**Article V.C**, Claims Based on Rejection of Executory Contracts or Unexpired Leases<br>**Article VII.C**, Adjustment to Claims without Objection<br>Removal of prior **Article VII.F,** Amendment to Proofs of Claim | U.S. Trustee informal objection re language regarding the automatic disallowance of Claims and classification of Claims Disputed Claims. |
| Defined Terms<br>   -  **Article I.A(116)**, Professional | U.S. Trustee informal objection re clarification re the defined term "Professional" |
| Defined Terms<br>   -  **Article I.A(126)**, Released Parties<br>   -  **Article I.A(127)**, Releasing Parties | U.S. Trustee Objection to the "opt-out" release mechanics; changes convert releases to "opt-in" |
| **Article I.G**, Controlling Document | U.S. Trustee informal objection re Plan Supplement controlling over Plan |
| **Article III.C(5)**, Class 5 – Section 510(b) Claims | U.S. Trustee informal objection re language included in treatment of Class 5 Claims |
| **Article IV.D(2)**, Authority | U.S. Trustee informal comments re ongoing requirement of Debtors to file post-confirmation report and pay U.S. Trustee Fees |
| **Article IV.F**, Management Incentive Plan | U.S. Trustee informal comments re nature of Management Incentive Plan provision as disclosure rather than order of the Court |
| **Article IV.K**, Preservation of Rights of Action<br>**Article VII.A(2)**, Claims Administration Responsibilities | U.S. Trustee informal objection to language in conflict with any party's right to object to Claims |
| **Article V.F**, Insurance Policies | Clarification on Debtors' treatment of certain insurance policies |
| **Article VII.A(3)**, Estimation of Claims | U.S. Trustee informal objection to language in conflict with principles of issue and claim preclusion |
| **Article VIII.A**, Discharge of Claims and termination of Interests<br>**Article VIII.F**, Release of Liens | U.S. Trustee informal objection re language included in discharge |
| **Article VIII.H**, Setoff, Subrogation, and Recoupment | U.S. Trustee informal objection re requirements for preservation of recoupment rights |