**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| In re: Exactech, Inc., et al.,[1] Debtors. | Chapter 11 Case No. 24-12441 (LSS) (Jointly Administered) |
|---|---|

**DEBTORS' NOTICE OF INTENT TO SERVE SUBPOENAS UPON THE COMMITTEE MEMBERS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure Rule 45(a)(4), made applicable by Federal Rule of Bankruptcy Procedure 9016, notice is hereby given that counsel for the above-captioned debtors and debtors in possession (the "**Debtors**") intends to serve the attached subpoenas upon the parties listed below to appear for a deposition on the matters set forth in **Exhibit A** to each subpoena and produce the documents described in **Exhibit B** to each subpoena.

1. Advanta, Inc.
2. Hospital for Special Surgery
3. Ronald Irby
4. Vernesa Jones-Allen
5. Kathryn Kramer
6. General Harvey Schiller

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Osteon Holdings, Inc. (7042); Osteon Intermediate Holdings I, Inc. (7778); Osteon Intermediate Holdings II, Inc. (1292); Exactech, Inc. (3930); and XpandOrtho, Inc. (4250). The Debtors' service address is 2320 NW 66th Court, Gainesville, Florida 32653.

7. Gayle Tarloff

8. Karen Turner

9. Dennis Ricci

[*Signature Page Follows*]

Dated: May 14, 2025
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Ryan M. Bartley*
Ryan M. Bartley (No. 4985)
Elizabeth S. Justison (No. 5911)
Andrew M. Lee (No. 7078)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801
Tel.: (302) 571-6600
Facsimile: (302) 571-1253
Email: rbartley@ycst.com
ejustison@ycst.com
alee@ycst.com

-and-

**ROPES & GRAY LLP**
Ryan Preston Dahl (*admitted pro hac vice*)
Benjamin M. Rhode (*admitted pro hac vice*)
Luke Smith (*admitted pro hac vice*)
191 N. Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
E-mail: ryan.dahl@ropesgray.com
benjamin.rhode@ropesgray.com
luke.smith@ropesgray.com

-and-

Gregg M. Galardi (No. 2991)
Lindsay Barca (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (646) 728-1652
E-mail: gregg.galardi@ropesgray.com
lindsay.barca@ropesgray.com

*Counsel to the Debtors and Debtors in Possession*

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

for the District of Delaware

In re Exactech, Inc., *et al.*
Debtor

(*Complete if issued in an adversary proceeding*)

Plaintiff
v.

Defendant

Case No. 24-122441 (LSS)

Chapter 11

Adv. Proc. No. ________________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Hospital for Special Surgery, Attn: Michael Coulston, 535 East 70th Street, New York, NY 10021
(*Name of person to whom the subpoena is directed*)

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| | May 21, 2025; 3:00 p.m. (EST) |

The deposition will be recorded by this method:
via videoconference means

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
**See attached Exhibit B**; Produce by May 20, 2025 to the offices of Young Conaway Stargatt & Taylor, LLP, 1000 N. King St., Wilmington DE 19801

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2025

CLERK OF COURT

OR

/s/ Kevin A. Guerke

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*) Exactech, Inc., *et al.* , who issues or requests this subpoena, are: Kevin A. Guerke, Esq., Young Conaway Stargatt & Taylor, LLP, 1000 N. King St., Wilmington DE 19801; kguerke@ycst.com; 302-571-6600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________
______________________________________________________________________
______________________________ on (*date*) ____________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ________________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**DEFINITIONS**

As used herein, the following terms shall have the meanings indicated below:

1. "**Bidding Procedures Motion**" means the *Debtors' Motion for Entry of an Order Approving (I) Bidding Procedures, the Sale Timeline, and the Form and Manner of Notice Thereof; (II) the Debtors' Entry Into and Performance Under the Stalking Horse APA; (III) Assumption and Assignment Procedures; and (IV) Granting Related Relief* [D.I. 145].

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court.

3. "**Committee"** or **"UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [D.I. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc. or any employees of such entities.

5. "**DIP Financing**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

6. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

7. "**HSS**" and "**You**" mean the Hospital for Special Surgery, including its clinicians, surgeons, researchers, engineers, employees, personnel, research facilities, labs, subsidiaries, and affiliates.

8. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

9. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

10. "**Qui Tam Actions**" means the litigation described in Paragraphs 369 through 375 of the Committee's Draft Complaint [D.I. 778-2].

11. "**Special Committee**" means the special committee of the Board of Directors of Osteon Intermediate Holdings II, Inc., Exactech, Inc., and XpandOrtho, Inc.

12. "**Settlement**" means the proposed settlement to which the Special Committee would consent as part of the Plan.

13. "**Sale**" has the meaning attributed to it in the Bidding Procedures Motion [D.I. 18, Exhibit C].

14. "**Standing Motion**" means the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Sections 1103(c) and 1109(b) of the Bankruptcy Code Granting Exclusive Leave, Standing, and Authority to Commence, Prosecute and, if Appropriate, Settle or Abandon Certain Causes of Action on Behalf of the Debtors' Estates* filed on March 20, 2025 [D.I. 739]. For avoidance of doubt and where relevant, this Definition includes the *Motion of the Official Committee of Unsecured Creditors for (i) Leave, Standing, and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of the Debtors' Estates and (ii) Exclusive Settlement Authority* filed on February 1, 2025 [D.I. 533].

15. "**Trustee Motion**" means the *Motion of the Official Committee of Unsecured Creditors to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(A), or, Alternatively,*

*Second Motion to Terminate the Debtors' Exclusive Period Pursuant to 11 U.S.C. § 1121(D)(1)* [D.I. 1058].

[*Remainder of Page Intentionally Left Blank*]

**Debtors' 30(b)(6) Deposition Topics**

1. Communications with the UCC's members, legal counsel, or advisors.

2. Your role as a member of the UCC.

3. The process to appoint the members of the Committee and any considerations made concerning or relating to the appointment of the members of the Committee.

4. Claim # 13462 filed by HSS in these Chapter 11 cases.

5. Communications with any plaintiff, including his or her legal counsel or advisors, in the MDL Action, the Florida Master Case, or the Qui Tam Litigation, regarding such plaintiff's legal claims asserted or threatened against Exactech.

6. The fees and costs incurred by your legal professionals and advisors in these Chapter 11 Cases.

7. Any HSS employee serving as an expert witness in any legal proceeding involving Exactech's Optetrak or Optetrak Logic knee replacement systems, or any component thereof.

8. Communications with Exactech related to Exactech's Optetrak or Optetrak Logic knee replacement systems, or any component thereof, that occurred after August 30, 2021.

9. Any analysis, research, study, or academic article, paper, or presentation involving Exactech's Optetrak or Optetrak Logic knee replacement systems, or any component thereof, published or presented on or after August 30, 2021.

10. The article titled "Delamination and Oxidation in Compression-Molded Polyethylene," published in the Journal of Bone and Joint Surgery in 2025, including any facts, methods, results, and conclusions therein, and Exactech's involvement with the study discussed in the article.

11. The fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims, including without limitation any contingency fee arrangements, hourly billing rates, or other compensation terms.

12. The terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

13. Any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

14. Any agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

15. Your bases for any objection to the confirmation of the Plan, the Sale or the process by

which the Sale took place, or the Settlement.

16. Your bases for Your objection to the DIP Financing.

17. Your assessment of the bases for filing the Standing Motion and your understanding of the facts asserted therein.

18. Your assessment of the bases for filing the Trustee Motion.

19. Your assessment of the facts that You believe could support any estate Cause of Action against an insider, affiliated entity, or other party that You believe may exist, including, but not limited to, causes of action based on alter ego, veil piercing, breach of fiduciary duty or other theories of liability.

20. Your assessment of the value of any estate Cause of Action against an insider, affiliated entity, or other party that You believe may exist, including, but not limited to, Causes of Action based on alter ego, veil piercing, breach of fiduciary duty or other theories of liability, including without limitation any assessment of the likelihood of prevailing on the merits of such claims, the likely recoverable damages for such claims, and the expense of pursuing such claims.

# EXHIBIT B

## DEFINITIONS

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules, made applicable to this matter by Rules 7026, 7034, and 9014 of the Bankruptcy Rules, are incorporated herein by reference. The following additional definitions apply with respect to each of the following Requests, and unless otherwise stated in a specific Request, each of the terms defined below, when used in any Request, instruction, or definition, shall have the meaning given herein:

1. "**Bidding Procedures Motion**" means the *Debtors' Motion for Entry of an Order Approving (I) Bidding Procedures, the Sale Timeline, and the Form and Manner of Notice Thereof; (II) the Debtors' Entry Into and Performance Under the Stalking Horse APA; (III) Assumption and Assignment Procedures; and (IV) Granting Related Relief* [D.I. 145].

2. "**Cause of Action**" has the meaning attributed to it in the Plan.

3. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court.

4. "**Committee**" **and** "**UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

5. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc.

6. "**DIP Financing**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

7. “**Document**” has the broadest meaning permitted under the Local Civil Rules and the Federal Rules.

8. “**Florida Master Case**” means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

9. “**HSS**,” or “**You**,” or “**Your**” means the Hospital for Special Surgery, including any professional advisors or other agents thereof.

10. “**MDL Action**” is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

11. “**Plan**” means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the “Plan.”

12. “**Products Liability Claims**” has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

13. “**Special Committee**” means the special committee of the Board of Directors of Osteon Intermediate Holdings II, Inc., Exactech, Inc., and XpandOrtho, Inc.

14. “**Settlement**” means the proposed settlement to which the Special Committee would consent as part of the Plan or otherwise.

15. “**Sale**” has the meaning attributed to it in the Bidding Procedures Motion [D.I. 18, Exhibit C].

**INSTRUCTIONS**

1. In responding to these Requests, You shall produce all responsive Documents that are in Your possession, custody, or control, or that are in the possession, custody, or control of agents, employees, advisors, attorneys, consultants, representatives, affiliates, or any other person acting under Your control or on Your behalf. A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession, custody, or control of the Document.

2. In responding to these Requests, You shall produce all responsive Documents available at the time of production, and if additional responsive Documents become available, You shall promptly supplement Your responses as required by Rule 26(e) of the Federal Rules.

3. Documents shall be produced in the form required by Rule 34(b)(2)(E)(i) of the Federal Rules.

4. All Documents produced pursuant to the Requests shall be produced in GROUP IV TIFF Image Format Scanned at 300 DPI with document level extracted/OCR text files and Concordance.DAT and Opticon.OPT load files that contain the following metadata fields: (a) Beginning Production Number; (b) Ending Production Number; (c) Beginning Attachment Range; (d) Ending Attachment Range; (e) Custodian; (f) Document Type; (g) Author; (h) Title; (i) File Name; (j) File Ext; (k) File Size; (l) MD5 Hash; (m) Date Last Modified; (n) Time Last Modified [HH:MM:SS]; (o) Date Created; (p) Time Created [HH:MM:SS]; (q) Date Sent; (r) Time Sent [HH:MM:SS]; (s) Date Received; (t) Time Received [HH:MM:SS]; (u) From; (v) Recipients; (w) Copyees; (x) Blind Copyees; (y) Pages; (z) Email Subject; (aa) Calendar Start Date; (bb) Calendar End Date; (cc) Native File Link Path; and (dd) Extracted Text. Images shall be produced revealing any hidden text/context.

5. Additional special processing of certain electronically stored information shall be as follows: Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall

be produced in native format. A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page. The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed. The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

6. Each requested Document shall be produced in its entirety, with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of any handwritten or other notes or markings. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents are to be produced intact, together with such file folders, loose-leaf binders, or notebooks. Documents attached to each other should not be separated, and all such attached Documents shall be produced.

7. In objecting to any Request herein, You shall state whether any responsive materials are being withheld, as well the specific grounds and reasons for the objection. If You object to part of any Request herein, You shall specify in the objection the part of the Request objected to and shall produce all Documents responsive to the remainder of the Request. If the objection is based on a claim of privilege or attorney work product, or any other type of protection or immunity from disclosure, see the instructions listed in No. 10 below.

8. If there are no Documents responsive to any particular Request, You shall so state in writing.

9. Whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope: (a) the use of any verb in any tense

shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; and (c) the disjunctive shall be deemed to include the conjunctive.

10. If any Document responsive to this Request is withheld or redacted under a claim of privilege, attorney work product, or any other type of protection or immunity from disclosure, You must provide a privilege log consistent with Rule 26(b)(5) of the Federal Rules, as incorporated by Bankruptcy Rules 7026 and 9014.

11. Unless otherwise indicated in a specific Request, the Requests call for Documents and Communications that were created during the period October 29, 2024 through the present.

12. The Debtors reserve the right to amend, supplement, and/or modify these Requests.

**DOCUMENT REQUESTS**

1. Documents sufficient to show the fees and costs incurred by Your legal professionals and advisors in these Chapter 11 Cases.

2. Documents sufficient to show the fees and costs incurred by Your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. Documents sufficient to show the terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

4. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

5. Documents reflecting any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action or these Chapter 11 cases.

6. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

7. Documents concerning or relating to any objection You have, in Your capacity as a Committee Member or in Your personal capacity, to the confirmation of the Plan, the Sale, the process by which the Sale took place, or the Settlement.

8. Documents reflecting the value of any estate Cause of Action against an insider, affiliated entity, or other party that You believe may exist, including, but not limited to, Causes of Action based on alter ego, veil piercing, breach of fiduciary duty, or other theories of liability, including without limitation any assessment of the likelihood of prevailing on the

merits of such claims, the likely recoverable damages for such claims, and the expense of pursuing such claims.

# UNITED STATES BANKRUPTCY COURT

for the District of Delaware

In re Exactech, Inc., *et al.*
Debtor

(*Complete if issued in an adversary proceeding*)

Plaintiff
v.

Defendant

Case No. 24-122441 (LSS)

Chapter 11

Adv. Proc. No. ________________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Advanta, Inc., Attn: Lauren Loeb, R1 RCM Inc., 800 W Fulton Market, 9th Floor, Chicago, IL 60607
(*Name of person to whom the subpoena is directed*)

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| | May 19, 2025; 9:00 a.m. (EST) |

The deposition will be recorded by this method:
via videoconference means

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached **Exhibit B**; the offices of Ropes & Gray LLP, at 1211 Avenue of the Americas, New York, New York, 10036-8704 by 05/18/2025

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2025

CLERK OF COURT

OR

______________________
*Signature of Clerk or Deputy Clerk*

Gregg M. Galardi
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*) Exactech, Inc., *et al.*, who issues or requests this subpoena, are: Gregg M. Galardi, Esq., Ropes & Gray LLP 1211 Avenue of the Americas, New York, NY 10036-8704 Tel. (212) 596-9139; email: Gregg.Galardi@ropesgray.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________ on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
__________________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
__________________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________
*Server's signature*

________________________________________
*Printed name and title*

________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1. "**Advanta**," or "**You**," or "**Your**" means Advanta, Inc., including any professional advisors or other agents thereof.

2. "**Cause of Action**" has the meaning attributed to it in the Plan.

3. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court for the District of Delaware.

4. "**Committee" and "UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

5. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc. or any employees of such entities.

6. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

7. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

8. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

9. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

**DEBTORS' DEPOSITION TOPICS**

1. The fees and costs incurred by Your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims, including without limitation any contingency fee arrangements, hourly billing rates, or other compensation terms.

2. The terms of retention of Your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. Any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Any agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

[*Remainder of Page Intentionally Left Blank*]

## EXHIBIT B

## DEFINITIONS

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, are incorporated herein by reference. The following additional definitions apply with respect to each of the following Requests, and unless otherwise stated in a specific Request, each of the terms defined below, when used in any Request, instruction, or definition, shall have the meaning given herein:

1. "**Advanta**," or "**You**," or "**Your**" means Advanta, Inc., including any professional advisors or other agents thereof.

2. "**Cause of Action**" has the meaning attributed to it in the Plan.

3. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court.

4. "**Committee**" **and** "**UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

5. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc.

6. "**Document**" has the broadest meaning permitted under the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Bankruptcy Procedure.

7. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

8. "**MDL Action**" is the pending multidistrict litigation in the United States

District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

9. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

10. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

[*Remainder of Page Intentionally Left Blank*]

**INSTRUCTIONS**

1. In responding to these Requests, You shall produce all responsive Documents that are in Your possession, custody, or control, or that are in the possession, custody, or control of agents, employees, advisors, attorneys, consultants, representatives, affiliates, or any other person acting under Your control or on Your behalf. A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession, custody, or control of the Document.

2. In responding to these Requests, You shall produce all responsive Documents available at the time of production, and if additional responsive Documents become available, You shall promptly supplement Your responses as required by Rule 26(e) of the Federal Rules.

3. Documents shall be produced in the form required by Rule 34(b)(2)(E)(i) of the Federal Rules.

4. All Documents produced pursuant to the Requests shall be produced in GROUP IV TIFF Image Format Scanned at 300 DPI with document level extracted/OCR text files and Concordance.DAT and Opticon.OPT load files that contain the following metadata fields: (a) Beginning Production Number; (b) Ending Production Number; (c) Beginning Attachment Range; (d) Ending Attachment Range; (e) Custodian; (f) Document Type; (g) Author; (h) Title; (i) File Name; (j) File Ext; (k) File Size; (l) MD5 Hash; (m) Date Last Modified; (n) Time Last Modified [HH:MM:SS]; (o) Date Created; (p) Time Created [HH:MM:SS]; (q) Date Sent; (r) Time Sent [HH:MM:SS]; (s) Date Received; (t) Time Received [HH:MM:SS]; (u) From; (v) Recipients; (w) Copyees; (x) Blind Copyees; (y) Pages; (z) Email Subject; (aa) Calendar Start Date; (bb) Calendar End Date; (cc) Native File Link Path; and (dd) Extracted Text. Images shall be produced revealing any hidden text/context.

5. Additional special processing of certain electronically stored information shall be as follows: Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall

be produced in native format. A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page. The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed. The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

6. Each requested Document shall be produced in its entirety, with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of any handwritten or other notes or markings. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents are to be produced intact, together with such file folders, loose-leaf binders, or notebooks. Documents attached to each other should not be separated, and all such attached Documents shall be produced.

7. In objecting to any Request herein, You shall state whether any responsive materials are being withheld, as well the specific grounds and reasons for the objection. If You object to part of any Request herein, You shall specify in the objection the part of the Request objected to and shall produce all Documents responsive to the remainder of the Request. If the objection is based on a claim of privilege or attorney work product, or any other type of protection or immunity from disclosure, see the instructions listed in No. 10 below.

8. If there are no Documents responsive to any particular Request, You shall so state in writing.

9. Whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope: (a) the use of any verb in any tense

shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; and (c) the disjunctive shall be deemed to include the conjunctive.

10. If any Document responsive to this Request is withheld or redacted under a claim of privilege, attorney work product, or any other type of protection or immunity from disclosure, You must provide a privilege log consistent with Rule 26(b)(5) of the Federal Rules, as incorporated by Bankruptcy Rules 7026 and 9014.

11. The Debtors reserve the right to amend, supplement, and/or modify these Requests.

[*Remainder of Page Intentionally Left Blank*]

**DOCUMENT REQUESTS**

1. Documents sufficient to show the fees and costs incurred by Your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

2. Documents sufficient to show the terms of retention of Your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Documents reflecting any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action or these Chapter 11 cases.

5. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

6. Documents reflecting the value of any estate Cause of Action against an insider, affiliated entity, or other party that You believe may exist, including, but not limited to, Causes of Action based on alter ego, veil piercing, breach of fiduciary duty, or other theories of liability, including without limitation any assessment of the likelihood of prevailing on the merits of such claims, the likely recoverable damages for such claims, and the expense of pursuing such claims.

# UNITED STATES BANKRUPTCY COURT

for the District of Delaware

In re Exactech, Inc., *et al.*
Debtor

(*Complete if issued in an adversary proceeding*)

Plaintiff
v.

Defendant

Case No. 24-122441 (LSS)

Chapter 11

Adv. Proc. No. ________________

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Ronald Irby, c/o Joseph H. Saunders, Esq., Saunders & Walker, P.A. 3491 Gandy Blvd. North, Suite 200, Pinellas Park, FL 33781
(*Name of person to whom the subpoena is directed*)

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| | May 20, 2025; 9:00 a.m. (EST) |

The deposition will be recorded by this method:
via videoconference means

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached **Exhibit B**; the offices of Ropes & Gray LLP, at 1211 Avenue of the Americas, New York, New York, 10036-8704 by 05/19/2025

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2025

CLERK OF COURT

OR

________________________
*Signature of Clerk or Deputy Clerk*

Gregg M. Galardi
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*) Exactech, Inc., *et al.*, who issues or requests this subpoena, are: Gregg M. Galardi, Esq., Ropes & Gray LLP 1211 Avenue of the Americas, New York, NY 10036-8704 Tel. (212) 596-9139; email: Gregg.Galardi@ropesgray.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________
______________________________________________________________________________
______________________________ on (*date*) ________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________________________
______________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1. “**Cause of Action**” has the meaning attributed to it in the Plan.

2. “**Chapter 11 Cases**” means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court for the District of Delaware.

3. “**Committee” and “UCC**” mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. “**Debtors**” or “**Exactech**” means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc. or any employees of such entities.

5. “**Florida Master Case**” means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

6. “**MDL Action**” is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

7. “**Plan**” means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the “Plan.”

8. “**Products Liability Claims**” has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors’ Chapter 11 Petitions and First Day Motions* [D.I. 18].

**DEBTORS' DEPOSITION TOPICS**

1. The fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims, including without limitation any contingency fee arrangements, hourly billing rates, or other compensation terms.

2. The terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. Any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Any agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

[*Remainder of Page Intentionally Left Blank*]

**EXHIBIT B**

**DEFINITIONS**

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, are incorporated herein by reference. The following additional definitions apply with respect to each of the following Requests, and unless otherwise stated in a specific Request, each of the terms defined below, when used in any Request, instruction, or definition, shall have the meaning given herein:

1. "**Cause of Action**" has the meaning attributed to it in the Plan.

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court.

3. "**Committee**" **and** "**UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc.

5. "**Document**" has the broadest meaning permitted under the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Bankruptcy Procedure.

6. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

7. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

8. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor

Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

9. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

[*Remainder of Page Intentionally Left Blank*]

**INSTRUCTIONS**

1. In responding to these Requests, you shall produce all responsive Documents that are in your possession, custody, or control, or that are in the possession, custody, or control of agents, employees, advisors, attorneys, consultants, representatives, affiliates, or any other person acting under your control or on your behalf. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another person having possession, custody, or control of the Document.

2. In responding to these Requests, you shall produce all responsive Documents available at the time of production, and if additional responsive Documents become available, you shall promptly supplement your responses as required by Rule 26(e) of the Federal Rules.

3. Documents shall be produced in the form required by Rule 34(b)(2)(E)(i) of the Federal Rules.

4. All Documents produced pursuant to the Requests shall be produced in GROUP IV TIFF Image Format Scanned at 300 DPI with document level extracted/OCR text files and Concordance.DAT and Opticon.OPT load files that contain the following metadata fields: (a) Beginning Production Number; (b) Ending Production Number; (c) Beginning Attachment Range; (d) Ending Attachment Range; (e) Custodian; (f) Document Type; (g) Author; (h) Title; (i) File Name; (j) File Ext; (k) File Size; (l) MD5 Hash; (m) Date Last Modified; (n) Time Last Modified [HH:MM:SS]; (o) Date Created; (p) Time Created [HH:MM:SS]; (q) Date Sent; (r) Time Sent [HH:MM:SS]; (s) Date Received; (t) Time Received [HH:MM:SS]; (u) From; (v) Recipients; (w) Copyees; (x) Blind Copyees; (y) Pages; (z) Email Subject; (aa) Calendar Start Date; (bb) Calendar End Date; (cc) Native File Link Path; and (dd) Extracted Text. Images shall be produced revealing any hidden text/context.

5. Additional special processing of certain electronically stored information shall be as follows: Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall

be produced in native format. A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page. The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed. The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

6. Each requested Document shall be produced in its entirety, with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of any handwritten or other notes or markings. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents are to be produced intact, together with such file folders, loose-leaf binders, or notebooks. Documents attached to each other should not be separated, and all such attached Documents shall be produced.

7. In objecting to any Request herein, you shall state whether any responsive materials are being withheld, as well the specific grounds and reasons for the objection. If you object to part of any Request herein, you shall specify in the objection the part of the Request objected to and shall produce all Documents responsive to the remainder of the Request. If the objection is based on a claim of privilege or attorney work product, or any other type of protection or immunity from disclosure, see the instructions listed in No. 10 below.

8. If there are no Documents responsive to any particular Request, you shall so state in writing.

9. Whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope: (a) the use of any verb in any tense

shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; and (c) the disjunctive shall be deemed to include the conjunctive.

10. If any Document responsive to this Request is withheld or redacted under a claim of privilege, attorney work product, or any other type of protection or immunity from disclosure, you must provide a privilege log consistent with Rule 26(b)(5) of the Federal Rules, as incorporated by Bankruptcy Rules 7026 and 9014.

11. The Debtors reserve the right to amend, supplement, and/or modify these Requests.

[*Remainder of Page Intentionally Left Blank*]

**DOCUMENT REQUESTS**

1. Documents sufficient to show the fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

2. Documents sufficient to show the terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Documents reflecting any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action or these Chapter 11 cases.

5. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

6. Documents reflecting the value of any estate Cause of Action against an insider, affiliated entity, or other party that you believe may exist, including, but not limited to, Causes of Action based on alter ego, veil piercing, breach of fiduciary duty, or other theories of liability, including without limitation any assessment of the likelihood of prevailing on the merits of such claims, the likely recoverable damages for such claims, and the expense of pursuing such claims.

# UNITED STATES BANKRUPTCY COURT

for the District of Delaware

In re Exactech, Inc., *et al.*
Debtor

(*Complete if issued in an adversary proceeding*)

_______________
Plaintiff
v.
_______________
Defendant

Case No. 24-122441 (LSS)

Chapter 11

Adv. Proc. No. ________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Vernesa Jones-Allen, c/o Kevin M. Fitzgerald, Esq., Fitzgerald Law Group, LLC 120 Exchange Street, Suite 200, Portland ME 04101
(*Name of person to whom the subpoena is directed*)

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| | May 21, 2025; 9:00 a.m. (EST) |

The deposition will be recorded by this method:
via videoconference means

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached **Exhibit B**; the offices of Ropes & Gray LLP, at 1211 Avenue of the Americas, New York, New York, 10036-8704 by 05/20/2025

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2025

CLERK OF COURT

OR

_______________ Gregg M. Galardi
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*) Exactech, Inc., *et al.*, who issues or requests this subpoena, are: Gregg M. Galardi, Esq., Ropes & Gray LLP 1211 Avenue of the Americas, New York, NY 10036-8704 Tel. (212) 596-9139; email: Gregg.Galardi@ropesgray.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
_____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
_____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

_______________________________________________
*Server's signature*

_______________________________________________
*Printed name and title*

_______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1. "**Cause of Action**" has the meaning attributed to it in the Plan.

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court for the District of Delaware.

3. "**Committee" and "UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc. or any employees of such entities.

5. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

6. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

7. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

8. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

**DEBTORS' DEPOSITION TOPICS**

1. The fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims, including without limitation any contingency fee arrangements, hourly billing rates, or other compensation terms.

2. The terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. Any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Any agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

[*Remainder of Page Intentionally Left Blank*]

**EXHIBIT B**

**DEFINITIONS**

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, are incorporated herein by reference. The following additional definitions apply with respect to each of the following Requests, and unless otherwise stated in a specific Request, each of the terms defined below, when used in any Request, instruction, or definition, shall have the meaning given herein:

1. "**Cause of Action**" has the meaning attributed to it in the Plan.

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court.

3. "**Committee**" **and** "**UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc.

5. "**Document**" has the broadest meaning permitted under the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Bankruptcy Procedure.

6. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

7. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

8. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor

Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

9. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

[*Remainder of Page Intentionally Left Blank*]

**INSTRUCTIONS**

1. In responding to these Requests, you shall produce all responsive Documents that are in your possession, custody, or control, or that are in the possession, custody, or control of agents, employees, advisors, attorneys, consultants, representatives, affiliates, or any other person acting under your control or on your behalf. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another person having possession, custody, or control of the Document.

2. In responding to these Requests, you shall produce all responsive Documents available at the time of production, and if additional responsive Documents become available, you shall promptly supplement your responses as required by Rule 26(e) of the Federal Rules.

3. Documents shall be produced in the form required by Rule 34(b)(2)(E)(i) of the Federal Rules.

4. All Documents produced pursuant to the Requests shall be produced in GROUP IV TIFF Image Format Scanned at 300 DPI with document level extracted/OCR text files and Concordance.DAT and Opticon.OPT load files that contain the following metadata fields: (a) Beginning Production Number; (b) Ending Production Number; (c) Beginning Attachment Range; (d) Ending Attachment Range; (e) Custodian; (f) Document Type; (g) Author; (h) Title; (i) File Name; (j) File Ext; (k) File Size; (l) MD5 Hash; (m) Date Last Modified; (n) Time Last Modified [HH:MM:SS]; (o) Date Created; (p) Time Created [HH:MM:SS]; (q) Date Sent; (r) Time Sent [HH:MM:SS]; (s) Date Received; (t) Time Received [HH:MM:SS]; (u) From; (v) Recipients; (w) Copyees; (x) Blind Copyees; (y) Pages; (z) Email Subject; (aa) Calendar Start Date; (bb) Calendar End Date; (cc) Native File Link Path; and (dd) Extracted Text. Images shall be produced revealing any hidden text/context.

5. Additional special processing of certain electronically stored information shall be as follows: Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall

be produced in native format. A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page. The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed. The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

6. Each requested Document shall be produced in its entirety, with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of any handwritten or other notes or markings. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents are to be produced intact, together with such file folders, loose-leaf binders, or notebooks. Documents attached to each other should not be separated, and all such attached Documents shall be produced.

7. In objecting to any Request herein, you shall state whether any responsive materials are being withheld, as well the specific grounds and reasons for the objection. If you object to part of any Request herein, you shall specify in the objection the part of the Request objected to and shall produce all Documents responsive to the remainder of the Request. If the objection is based on a claim of privilege or attorney work product, or any other type of protection or immunity from disclosure, see the instructions listed in No. 10 below.

8. If there are no Documents responsive to any particular Request, you shall so state in writing.

9. Whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope: (a) the use of any verb in any tense

shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; and (c) the disjunctive shall be deemed to include the conjunctive.

10. If any Document responsive to this Request is withheld or redacted under a claim of privilege, attorney work product, or any other type of protection or immunity from disclosure, you must provide a privilege log consistent with Rule 26(b)(5) of the Federal Rules, as incorporated by Bankruptcy Rules 7026 and 9014.

11. The Debtors reserve the right to amend, supplement, and/or modify these Requests.

[*Remainder of Page Intentionally Left Blank*]

**DOCUMENT REQUESTS**

1. Documents sufficient to show the fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

2. Documents sufficient to show the terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Documents reflecting any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action or these Chapter 11 cases.

5. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

6. Documents reflecting the value of any estate Cause of Action against an insider, affiliated entity, or other party that you believe may exist, including, but not limited to, Causes of Action based on alter ego, veil piercing, breach of fiduciary duty, or other theories of liability, including without limitation any assessment of the likelihood of prevailing on the merits of such claims, the likely recoverable damages for such claims, and the expense of pursuing such claims.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

for the District of Delaware

In re Exactech, Inc., *et al.*
Debtor

*(Complete if issued in an adversary proceeding)*

Plaintiff
v.

Defendant

Case No. 24-122441 (LSS)

Chapter 11

Adv. Proc. No. ________________

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Kathryn Kramer, c/o Rayna Kessler, Esq., Robins Kaplan LLP
1325 Avenue of the Americas, Suite 2601, New York, NY 10019
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| | May 19, 2025; 9:00 a.m. (EST) |

The deposition will be recorded by this method:
via videoconference means

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached **Exhibit B**; the offices of Ropes & Gray LLP, at 1211 Avenue of the Americas, New York, New York, 10036-8704 by 05/18/2025

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2025

CLERK OF COURT

OR

_________________________
*Signature of Clerk or Deputy Clerk*

Gregg M. Galardi
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Exactech, Inc., *et al.*, who issues or requests this subpoena, are: Gregg M. Galardi, Esq., Ropes & Gray LLP
1211 Avenue of the Americas, New York, NY 10036-8704 Tel. (212) 596-9139; email: Gregg.Galardi@ropesgray.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
_____________________________________________________________________________________________
___________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
_____________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1. "**Cause of Action**" has the meaning attributed to it in the Plan.

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court for the District of Delaware.

3. "**Committee" and "UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc. or any employees of such entities.

5. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

6. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

7. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

8. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

**DEBTORS' DEPOSITION TOPICS**

1. The fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims, including without limitation any contingency fee arrangements, hourly billing rates, or other compensation terms.

2. The terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. Any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Any agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

[*Remainder of Page Intentionally Left Blank*]

**EXHIBIT B**

**DEFINITIONS**

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, are incorporated herein by reference. The following additional definitions apply with respect to each of the following Requests, and unless otherwise stated in a specific Request, each of the terms defined below, when used in any Request, instruction, or definition, shall have the meaning given herein:

1. "**Cause of Action**" has the meaning attributed to it in the Plan.

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court.

3. "**Committee**" **and** "**UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc.

5. "**Document**" has the broadest meaning permitted under the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Bankruptcy Procedure.

6. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

7. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

8. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor

Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

9. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

[*Remainder of Page Intentionally Left Blank*]

**INSTRUCTIONS**

1. In responding to these Requests, you shall produce all responsive Documents that are in your possession, custody, or control, or that are in the possession, custody, or control of agents, employees, advisors, attorneys, consultants, representatives, affiliates, or any other person acting under your control or on your behalf. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another person having possession, custody, or control of the Document.

2. In responding to these Requests, you shall produce all responsive Documents available at the time of production, and if additional responsive Documents become available, you shall promptly supplement your responses as required by Rule 26(e) of the Federal Rules.

3. Documents shall be produced in the form required by Rule 34(b)(2)(E)(i) of the Federal Rules.

4. All Documents produced pursuant to the Requests shall be produced in GROUP IV TIFF Image Format Scanned at 300 DPI with document level extracted/OCR text files and Concordance.DAT and Opticon.OPT load files that contain the following metadata fields: (a) Beginning Production Number; (b) Ending Production Number; (c) Beginning Attachment Range; (d) Ending Attachment Range; (e) Custodian; (f) Document Type; (g) Author; (h) Title; (i) File Name; (j) File Ext; (k) File Size; (l) MD5 Hash; (m) Date Last Modified; (n) Time Last Modified [HH:MM:SS]; (o) Date Created; (p) Time Created [HH:MM:SS]; (q) Date Sent; (r) Time Sent [HH:MM:SS]; (s) Date Received; (t) Time Received [HH:MM:SS]; (u) From; (v) Recipients; (w) Copyees; (x) Blind Copyees; (y) Pages; (z) Email Subject; (aa) Calendar Start Date; (bb) Calendar End Date; (cc) Native File Link Path; and (dd) Extracted Text. Images shall be produced revealing any hidden text/context.

5. Additional special processing of certain electronically stored information shall be as follows: Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall

be produced in native format. A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page. The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed. The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

6. Each requested Document shall be produced in its entirety, with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of any handwritten or other notes or markings. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents are to be produced intact, together with such file folders, loose-leaf binders, or notebooks. Documents attached to each other should not be separated, and all such attached Documents shall be produced.

7. In objecting to any Request herein, you shall state whether any responsive materials are being withheld, as well the specific grounds and reasons for the objection. If you object to part of any Request herein, you shall specify in the objection the part of the Request objected to and shall produce all Documents responsive to the remainder of the Request. If the objection is based on a claim of privilege or attorney work product, or any other type of protection or immunity from disclosure, see the instructions listed in No. 10 below.

8. If there are no Documents responsive to any particular Request, you shall so state in writing.

9. Whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope: (a) the use of any verb in any tense

shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; and (c) the disjunctive shall be deemed to include the conjunctive.

10. If any Document responsive to this Request is withheld or redacted under a claim of privilege, attorney work product, or any other type of protection or immunity from disclosure, you must provide a privilege log consistent with Rule 26(b)(5) of the Federal Rules, as incorporated by Bankruptcy Rules 7026 and 9014.

11. The Debtors reserve the right to amend, supplement, and/or modify these Requests.

[*Remainder of Page Intentionally Left Blank*]

**DOCUMENT REQUESTS**

1. Documents sufficient to show the fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

2. Documents sufficient to show the terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Documents reflecting any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action or these Chapter 11 cases.

5. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

6. Documents reflecting the value of any estate Cause of Action against an insider, affiliated entity, or other party that you believe may exist, including, but not limited to, Causes of Action based on alter ego, veil piercing, breach of fiduciary duty, or other theories of liability, including without limitation any assessment of the likelihood of prevailing on the merits of such claims, the likely recoverable damages for such claims, and the expense of pursuing such claims.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

for the District of Delaware

In re Exactech, Inc., *et al.*
Debtor

Case No. 24-122441 (LSS)

*(Complete if issued in an adversary proceeding)*

Chapter 11

Plaintiff
v.

Adv. Proc. No.

Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: General Harvey Schiller, c/o N. Kirkland Pope, Esq., Pope McGlamry, P.C. 3391 Peachtree Road NE, Suite 300, Atlanta, GA 30326
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| | May 19, 2025; 10:00 a.m. (EST) |

The deposition will be recorded by this method:
via videoconference means

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached **Exhibit B**; the offices of Ropes & Gray LLP, at 1211 Avenue of the Americas, New York, New York, 10036-8704 by 05/18/2025

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2025

CLERK OF COURT

OR

*Signature of Clerk or Deputy Clerk*

Gregg M. Galardi
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Exactech, Inc., *et al.*, who issues or requests this subpoena, are: Gregg M. Galardi, Esq., Ropes & Gray LLP 1211 Avenue of the Americas, New York, NY 10036-8704 Tel. (212) 596-9139; email: Gregg.Galardi@ropesgray.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ________________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____________________________________
__________________________________________________________________________________________________________
___________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: _____________________________________________________________
__________________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ________________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1. “**Cause of Action**” has the meaning attributed to it in the Plan.

2. “**Chapter 11 Cases**” means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court for the District of Delaware.

3. “**Committee” and “UCC**” mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. “**Debtors**” or “**Exactech**” means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc. or any employees of such entities.

5. “**Florida Master Case**” means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

6. “**MDL Action**” is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

7. “**Plan**” means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the “Plan.”

8. “**Products Liability Claims**” has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors’ Chapter 11 Petitions and First Day Motions* [D.I. 18].

**DEBTORS' DEPOSITION TOPICS**

1. The fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims, including without limitation any contingency fee arrangements, hourly billing rates, or other compensation terms.

2. The terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. Any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Any agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

[*Remainder of Page Intentionally Left Blank*]

**EXHIBIT B**

**DEFINITIONS**

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, are incorporated herein by reference. The following additional definitions apply with respect to each of the following Requests, and unless otherwise stated in a specific Request, each of the terms defined below, when used in any Request, instruction, or definition, shall have the meaning given herein:

1. "**Cause of Action**" has the meaning attributed to it in the Plan.

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court.

3. "**Committee**" **and** "**UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc.

5. "**Document**" has the broadest meaning permitted under the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Bankruptcy Procedure.

6. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

7. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

8. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor

Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

9. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

[*Remainder of Page Intentionally Left Blank*]

**INSTRUCTIONS**

1. In responding to these Requests, you shall produce all responsive Documents that are in your possession, custody, or control, or that are in the possession, custody, or control of agents, employees, advisors, attorneys, consultants, representatives, affiliates, or any other person acting under your control or on your behalf. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another person having possession, custody, or control of the Document.

2. In responding to these Requests, you shall produce all responsive Documents available at the time of production, and if additional responsive Documents become available, you shall promptly supplement your responses as required by Rule 26(e) of the Federal Rules.

3. Documents shall be produced in the form required by Rule 34(b)(2)(E)(i) of the Federal Rules.

4. All Documents produced pursuant to the Requests shall be produced in GROUP IV TIFF Image Format Scanned at 300 DPI with document level extracted/OCR text files and Concordance.DAT and Opticon.OPT load files that contain the following metadata fields: (a) Beginning Production Number; (b) Ending Production Number; (c) Beginning Attachment Range; (d) Ending Attachment Range; (e) Custodian; (f) Document Type; (g) Author; (h) Title; (i) File Name; (j) File Ext; (k) File Size; (l) MD5 Hash; (m) Date Last Modified; (n) Time Last Modified [HH:MM:SS]; (o) Date Created; (p) Time Created [HH:MM:SS]; (q) Date Sent; (r) Time Sent [HH:MM:SS]; (s) Date Received; (t) Time Received [HH:MM:SS]; (u) From; (v) Recipients; (w) Copyees; (x) Blind Copyees; (y) Pages; (z) Email Subject; (aa) Calendar Start Date; (bb) Calendar End Date; (cc) Native File Link Path; and (dd) Extracted Text. Images shall be produced revealing any hidden text/context.

5. Additional special processing of certain electronically stored information shall be as follows: Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall

be produced in native format. A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page. The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed. The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

6. Each requested Document shall be produced in its entirety, with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of any handwritten or other notes or markings. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents are to be produced intact, together with such file folders, loose-leaf binders, or notebooks. Documents attached to each other should not be separated, and all such attached Documents shall be produced.

7. In objecting to any Request herein, you shall state whether any responsive materials are being withheld, as well the specific grounds and reasons for the objection. If you object to part of any Request herein, you shall specify in the objection the part of the Request objected to and shall produce all Documents responsive to the remainder of the Request. If the objection is based on a claim of privilege or attorney work product, or any other type of protection or immunity from disclosure, see the instructions listed in No. 10 below.

8. If there are no Documents responsive to any particular Request, you shall so state in writing.

9. Whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope: (a) the use of any verb in any tense

shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; and (c) the disjunctive shall be deemed to include the conjunctive.

10. If any Document responsive to this Request is withheld or redacted under a claim of privilege, attorney work product, or any other type of protection or immunity from disclosure, you must provide a privilege log consistent with Rule 26(b)(5) of the Federal Rules, as incorporated by Bankruptcy Rules 7026 and 9014.

11. The Debtors reserve the right to amend, supplement, and/or modify these Requests.

[*Remainder of Page Intentionally Left Blank*]

**DOCUMENT REQUESTS**

1. Documents sufficient to show the fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

2. Documents sufficient to show the terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Documents reflecting any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action or these Chapter 11 cases.

5. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

6. Documents reflecting the value of any estate Cause of Action against an insider, affiliated entity, or other party that you believe may exist, including, but not limited to, Causes of Action based on alter ego, veil piercing, breach of fiduciary duty, or other theories of liability, including without limitation any assessment of the likelihood of prevailing on the merits of such claims, the likely recoverable damages for such claims, and the expense of pursuing such claims.

# UNITED STATES BANKRUPTCY COURT

for the District of Delaware

In re Exactech, Inc., *et al.*
Debtor

Case No. 24-122441 (LSS)

*(Complete if issued in an adversary proceeding)*

Chapter 11

Plaintiff
v.

Defendant

Adv. Proc. No. ________________

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Gayle Tarloff, c/o Ellen Relkin, Esq., Weitz & Luxenberg, P.C. 700 Broadway, New York, NY 10003
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE | DATE AND TIME |
| --- | --- |
| | May 19, 2025; 12:00 p.m. (EST) |

The deposition will be recorded by this method:
via videoconference means

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached **Exhibit B**; the offices of Ropes & Gray LLP, at 1211 Avenue of the Americas, New York, New York, 10036-8704 by 05/18/2025

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2025

CLERK OF COURT

OR

*Signature of Clerk or Deputy Clerk*

Gregg M. Galardi
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Exactech, Inc., *et al.*, who issues or requests this subpoena, are: Gregg M. Galardi, Esq., Ropes & Gray LLP 1211 Avenue of the Americas, New York, NY 10036-8704 Tel. (212) 596-9139; email: Gregg.Galardi@ropesgray.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ________________________________
____________________________________________________________________________
________________________________ on (*date*) __________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________
____________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________
*Server's signature*

________________________________
*Printed name and title*

________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1. "**Cause of Action**" has the meaning attributed to it in the Plan.

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court for the District of Delaware.

3. "**Committee" and "UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc. or any employees of such entities.

5. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

6. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

7. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

8. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

**DEBTORS' DEPOSITION TOPICS**

1. The fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims, including without limitation any contingency fee arrangements, hourly billing rates, or other compensation terms.

2. The terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. Any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Any agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

[*Remainder of Page Intentionally Left Blank*]

**EXHIBIT B**

**DEFINITIONS**

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, are incorporated herein by reference. The following additional definitions apply with respect to each of the following Requests, and unless otherwise stated in a specific Request, each of the terms defined below, when used in any Request, instruction, or definition, shall have the meaning given herein:

1. "**Cause of Action**" has the meaning attributed to it in the Plan.

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court.

3. "**Committee**" **and** "**UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc.

5. "**Document**" has the broadest meaning permitted under the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Bankruptcy Procedure.

6. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

7. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

8. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor

Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

9. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

[*Remainder of Page Intentionally Left Blank*]

**INSTRUCTIONS**

1. In responding to these Requests, you shall produce all responsive Documents that are in your possession, custody, or control, or that are in the possession, custody, or control of agents, employees, advisors, attorneys, consultants, representatives, affiliates, or any other person acting under your control or on your behalf. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another person having possession, custody, or control of the Document.

2. In responding to these Requests, you shall produce all responsive Documents available at the time of production, and if additional responsive Documents become available, you shall promptly supplement your responses as required by Rule 26(e) of the Federal Rules.

3. Documents shall be produced in the form required by Rule 34(b)(2)(E)(i) of the Federal Rules.

4. All Documents produced pursuant to the Requests shall be produced in GROUP IV TIFF Image Format Scanned at 300 DPI with document level extracted/OCR text files and Concordance.DAT and Opticon.OPT load files that contain the following metadata fields: (a) Beginning Production Number; (b) Ending Production Number; (c) Beginning Attachment Range; (d) Ending Attachment Range; (e) Custodian; (f) Document Type; (g) Author; (h) Title; (i) File Name; (j) File Ext; (k) File Size; (l) MD5 Hash; (m) Date Last Modified; (n) Time Last Modified [HH:MM:SS]; (o) Date Created; (p) Time Created [HH:MM:SS]; (q) Date Sent; (r) Time Sent [HH:MM:SS]; (s) Date Received; (t) Time Received [HH:MM:SS]; (u) From; (v) Recipients; (w) Copyees; (x) Blind Copyees; (y) Pages; (z) Email Subject; (aa) Calendar Start Date; (bb) Calendar End Date; (cc) Native File Link Path; and (dd) Extracted Text. Images shall be produced revealing any hidden text/context.

5. Additional special processing of certain electronically stored information shall be as follows: Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall

be produced in native format. A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page. The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed. The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

6. Each requested Document shall be produced in its entirety, with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of any handwritten or other notes or markings. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents are to be produced intact, together with such file folders, loose-leaf binders, or notebooks. Documents attached to each other should not be separated, and all such attached Documents shall be produced.

7. In objecting to any Request herein, you shall state whether any responsive materials are being withheld, as well the specific grounds and reasons for the objection. If you object to part of any Request herein, you shall specify in the objection the part of the Request objected to and shall produce all Documents responsive to the remainder of the Request. If the objection is based on a claim of privilege or attorney work product, or any other type of protection or immunity from disclosure, see the instructions listed in No. 10 below.

8. If there are no Documents responsive to any particular Request, you shall so state in writing.

9. Whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope: (a) the use of any verb in any tense

shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; and (c) the disjunctive shall be deemed to include the conjunctive.

10. If any Document responsive to this Request is withheld or redacted under a claim of privilege, attorney work product, or any other type of protection or immunity from disclosure, you must provide a privilege log consistent with Rule 26(b)(5) of the Federal Rules, as incorporated by Bankruptcy Rules 7026 and 9014.

11. The Debtors reserve the right to amend, supplement, and/or modify these Requests.

[*Remainder of Page Intentionally Left Blank*]

**DOCUMENT REQUESTS**

1. Documents sufficient to show the fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

2. Documents sufficient to show the terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Documents reflecting any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action or these Chapter 11 cases.

5. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

6. Documents reflecting the value of any estate Cause of Action against an insider, affiliated entity, or other party that you believe may exist, including, but not limited to, Causes of Action based on alter ego, veil piercing, breach of fiduciary duty, or other theories of liability, including without limitation any assessment of the likelihood of prevailing on the merits of such claims, the likely recoverable damages for such claims, and the expense of pursuing such claims.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

for the District of Delaware

In re Exactech, Inc., *et al.*
Debtor

(Complete if issued in an adversary proceeding)

Plaintiff
v.
Defendant

Case No. 24-122441 (LSS)

Chapter 11

Adv. Proc. No. ________________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Karen Turner, c/o C. Calvin Warriner, III, Esq., Searcy Denney Scarola Barnhart & Shipley PA 2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33409
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| | May 19, 2025; 12:00 p.m. (EST) |

The deposition will be recorded by this method:
via videoconference means

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached **Exhibit B**; the offices of Ropes & Gray LLP, at 1211 Avenue of the Americas, New York, New York, 10036-8704 by 05/18/2025

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2025

CLERK OF COURT

OR

_________________________
*Signature of Clerk or Deputy Clerk*

Gregg M. Galardi
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Exactech, Inc., *et al.*, who issues or requests this subpoena, are: Gregg M. Galardi, Esq., Ropes & Gray LLP 1211 Avenue of the Americas, New York, NY 10036-8704 Tel. (212) 596-9139; email: Gregg.Galardi@ropesgray.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ________________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________________
____________________________________________________________________________________________________
___________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ________________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1. "**Cause of Action**" has the meaning attributed to it in the Plan.

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court for the District of Delaware.

3. "**Committee" and "UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc. or any employees of such entities.

5. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

6. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

7. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

8. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

**DEBTORS' DEPOSITION TOPICS**

1. The fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims, including without limitation any contingency fee arrangements, hourly billing rates, or other compensation terms.

2. The terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. Any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Any agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

[*Remainder of Page Intentionally Left Blank*]

**EXHIBIT B**

**DEFINITIONS**

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, are incorporated herein by reference. The following additional definitions apply with respect to each of the following Requests, and unless otherwise stated in a specific Request, each of the terms defined below, when used in any Request, instruction, or definition, shall have the meaning given herein:

1. "**Cause of Action**" has the meaning attributed to it in the Plan.

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court.

3. "**Committee**" **and** "**UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc.

5. "**Document**" has the broadest meaning permitted under the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Bankruptcy Procedure.

6. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

7. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

8. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor

Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

9. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

[*Remainder of Page Intentionally Left Blank*]

**INSTRUCTIONS**

1. In responding to these Requests, you shall produce all responsive Documents that are in your possession, custody, or control, or that are in the possession, custody, or control of agents, employees, advisors, attorneys, consultants, representatives, affiliates, or any other person acting under your control or on your behalf. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another person having possession, custody, or control of the Document.

2. In responding to these Requests, you shall produce all responsive Documents available at the time of production, and if additional responsive Documents become available, you shall promptly supplement your responses as required by Rule 26(e) of the Federal Rules.

3. Documents shall be produced in the form required by Rule 34(b)(2)(E)(i) of the Federal Rules.

4. All Documents produced pursuant to the Requests shall be produced in GROUP IV TIFF Image Format Scanned at 300 DPI with document level extracted/OCR text files and Concordance.DAT and Opticon.OPT load files that contain the following metadata fields: (a) Beginning Production Number; (b) Ending Production Number; (c) Beginning Attachment Range; (d) Ending Attachment Range; (e) Custodian; (f) Document Type; (g) Author; (h) Title; (i) File Name; (j) File Ext; (k) File Size; (l) MD5 Hash; (m) Date Last Modified; (n) Time Last Modified [HH:MM:SS]; (o) Date Created; (p) Time Created [HH:MM:SS]; (q) Date Sent; (r) Time Sent [HH:MM:SS]; (s) Date Received; (t) Time Received [HH:MM:SS]; (u) From; (v) Recipients; (w) Copyees; (x) Blind Copyees; (y) Pages; (z) Email Subject; (aa) Calendar Start Date; (bb) Calendar End Date; (cc) Native File Link Path; and (dd) Extracted Text. Images shall be produced revealing any hidden text/context.

5. Additional special processing of certain electronically stored information shall be as follows: Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall

be produced in native format. A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page. The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed. The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

6. Each requested Document shall be produced in its entirety, with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of any handwritten or other notes or markings. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents are to be produced intact, together with such file folders, loose-leaf binders, or notebooks. Documents attached to each other should not be separated, and all such attached Documents shall be produced.

7. In objecting to any Request herein, you shall state whether any responsive materials are being withheld, as well the specific grounds and reasons for the objection. If you object to part of any Request herein, you shall specify in the objection the part of the Request objected to and shall produce all Documents responsive to the remainder of the Request. If the objection is based on a claim of privilege or attorney work product, or any other type of protection or immunity from disclosure, see the instructions listed in No. 10 below.

8. If there are no Documents responsive to any particular Request, you shall so state in writing.

9. Whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope: (a) the use of any verb in any tense

shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; and (c) the disjunctive shall be deemed to include the conjunctive.

10. If any Document responsive to this Request is withheld or redacted under a claim of privilege, attorney work product, or any other type of protection or immunity from disclosure, you must provide a privilege log consistent with Rule 26(b)(5) of the Federal Rules, as incorporated by Bankruptcy Rules 7026 and 9014.

11. The Debtors reserve the right to amend, supplement, and/or modify these Requests.

[*Remainder of Page Intentionally Left Blank*]

**DOCUMENT REQUESTS**

1. Documents sufficient to show the fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

2. Documents sufficient to show the terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Documents reflecting any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action or these Chapter 11 cases.

5. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

6. Documents reflecting the value of any estate Cause of Action against an insider, affiliated entity, or other party that you believe may exist, including, but not limited to, Causes of Action based on alter ego, veil piercing, breach of fiduciary duty, or other theories of liability, including without limitation any assessment of the likelihood of prevailing on the merits of such claims, the likely recoverable damages for such claims, and the expense of pursuing such claims.

# UNITED STATES BANKRUPTCY COURT

for the District of Delaware

In re Exactech, Inc., *et al.*
Debtor

(*Complete if issued in an adversary proceeding*)

Plaintiff
v.

Defendant

Case No. 24-122441 (LSS)

Chapter 11

Adv. Proc. No. ____________

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Dennis Ricci, c/o Jason Goldstein, Esq., Parker Waichman LLP
6 Harbor Park Drive, Port Washington, NY 11050
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| | May 19, 2025; 9:00 a.m. (EST) |

The deposition will be recorded by this method:
via videoconference means

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached **Exhibit B**; the offices of Ropes & Gray LLP, at 1211 Avenue of the Americas, New York, New York, 10036-8704 by 05/18/2025

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2025

CLERK OF COURT

OR

_____________________
*Signature of Clerk or Deputy Clerk*

Gregg M. Galardi
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Exactech, Inc., *et al.*, who issues or requests this subpoena, are: Gregg M. Galardi, Esq., Ropes & Gray LLP
1211 Avenue of the Americas, New York, NY 10036-8704 Tel. (212) 596-9139; email: Gregg.Galardi@ropesgray.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
_____________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
_____________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1. "**Cause of Action**" has the meaning attributed to it in the Plan.

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court for the District of Delaware.

3. "**Committee" and "UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc. or any employees of such entities.

5. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

6. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

7. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

8. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

**DEBTORS' DEPOSITION TOPICS**

1. The fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims, including without limitation any contingency fee arrangements, hourly billing rates, or other compensation terms.

2. The terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. Any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Any agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

[*Remainder of Page Intentionally Left Blank*]

**EXHIBIT B**

**DEFINITIONS**

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, are incorporated herein by reference. The following additional definitions apply with respect to each of the following Requests, and unless otherwise stated in a specific Request, each of the terms defined below, when used in any Request, instruction, or definition, shall have the meaning given herein:

1. "**Cause of Action**" has the meaning attributed to it in the Plan.

2. "**Chapter 11 Cases**" means the procedurally consolidated and jointly administered Chapter 11 cases pending for the Debtors in the Bankruptcy Court.

3. "**Committee**" **and** "**UCC**" mean the Official Committee of Unsecured Creditors of Exactech, Inc., et al. appointed in these cases on November 18, 2024 [Docket No. 171], including each individual member thereof.

4. "**Debtors**" or "**Exactech**" means, collectively and individually, the following entities: Osteon Holdings, Inc.; Osteon Intermediate Holdings I, Inc.; Osteon Intermediate Holdings II, Inc.; Exactech, Inc.; and XpandOrtho, Inc.

5. "**Document**" has the broadest meaning permitted under the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Bankruptcy Procedure.

6. "**Florida Master Case**" means the collective proceeding authorized in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida.

7. "**MDL Action**" is the pending multidistrict litigation in the United States District Court for the Eastern District of New York, *In re: Exactech Polyethylene Orthopedic Products Liability Action*, MDL No. 3044, Case No. 1:22-md-03044.

8. "**Plan**" means the Joint Chapter 11 Plan of Exactech, Inc. and its Debtor

Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Dkt. No. 390), as modified, amended, or supplemented from time to time in accordance with the terms herein, the "Plan."

9. "**Products Liability Claims**" has the meaning attributed to it in the *Declaration of Jesse York, Chief Restructuring Officer of Exactech, Inc., In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 18].

[*Remainder of Page Intentionally Left Blank*]

**INSTRUCTIONS**

1. In responding to these Requests, you shall produce all responsive Documents that are in your possession, custody, or control, or that are in the possession, custody, or control of agents, employees, advisors, attorneys, consultants, representatives, affiliates, or any other person acting under your control or on your behalf. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another person having possession, custody, or control of the Document.

2. In responding to these Requests, you shall produce all responsive Documents available at the time of production, and if additional responsive Documents become available, you shall promptly supplement your responses as required by Rule 26(e) of the Federal Rules.

3. Documents shall be produced in the form required by Rule 34(b)(2)(E)(i) of the Federal Rules.

4. All Documents produced pursuant to the Requests shall be produced in GROUP IV TIFF Image Format Scanned at 300 DPI with document level extracted/OCR text files and Concordance.DAT and Opticon.OPT load files that contain the following metadata fields: (a) Beginning Production Number; (b) Ending Production Number; (c) Beginning Attachment Range; (d) Ending Attachment Range; (e) Custodian; (f) Document Type; (g) Author; (h) Title; (i) File Name; (j) File Ext; (k) File Size; (l) MD5 Hash; (m) Date Last Modified; (n) Time Last Modified [HH:MM:SS]; (o) Date Created; (p) Time Created [HH:MM:SS]; (q) Date Sent; (r) Time Sent [HH:MM:SS]; (s) Date Received; (t) Time Received [HH:MM:SS]; (u) From; (v) Recipients; (w) Copyees; (x) Blind Copyees; (y) Pages; (z) Email Subject; (aa) Calendar Start Date; (bb) Calendar End Date; (cc) Native File Link Path; and (dd) Extracted Text. Images shall be produced revealing any hidden text/context.

5. Additional special processing of certain electronically stored information shall be as follows: Microsoft Excel spreadsheet fields shall not be converted to TIFF files and shall

be produced in native format. A placeholder TIFF image shall be created, Bates numbered, and the produced Excel file shall be renamed to match the Bates number on its corresponding placeholder page. The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed. The extractable metadata and text shall be provided for native files, and OCR will be provided for the un-redacted portions of the documents.

6. Each requested Document shall be produced in its entirety, with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of any handwritten or other notes or markings. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents are to be produced intact, together with such file folders, loose-leaf binders, or notebooks. Documents attached to each other should not be separated, and all such attached Documents shall be produced.

7. In objecting to any Request herein, you shall state whether any responsive materials are being withheld, as well the specific grounds and reasons for the objection. If you object to part of any Request herein, you shall specify in the objection the part of the Request objected to and shall produce all Documents responsive to the remainder of the Request. If the objection is based on a claim of privilege or attorney work product, or any other type of protection or immunity from disclosure, see the instructions listed in No. 10 below.

8. If there are no Documents responsive to any particular Request, you shall so state in writing.

9. Whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope: (a) the use of any verb in any tense

shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; and (c) the disjunctive shall be deemed to include the conjunctive.

10. If any Document responsive to this Request is withheld or redacted under a claim of privilege, attorney work product, or any other type of protection or immunity from disclosure, you must provide a privilege log consistent with Rule 26(b)(5) of the Federal Rules, as incorporated by Bankruptcy Rules 7026 and 9014.

11. The Debtors reserve the right to amend, supplement, and/or modify these Requests.

[*Remainder of Page Intentionally Left Blank*]

**DOCUMENT REQUESTS**

1. Documents sufficient to show the fees and costs incurred by your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

2. Documents sufficient to show the terms of retention of your legal professionals and advisors in the MDL Action, the Florida Master Case, or the Products Liability Claims.

3. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

4. Documents reflecting any attempts, efforts, or initiatives concerning or relating to litigation financing with respect to the MDL Action or these Chapter 11 cases.

5. All agreements concerning or relating to litigation financing with respect to the MDL Action, the Florida Master Case, the Products Liability Claims, or these Chapter 11 cases.

6. Documents reflecting the value of any estate Cause of Action against an insider, affiliated entity, or other party that you believe may exist, including, but not limited to, Causes of Action based on alter ego, veil piercing, breach of fiduciary duty, or other theories of liability, including without limitation any assessment of the likelihood of prevailing on the merits of such claims, the likely recoverable damages for such claims, and the expense of pursuing such claims.