**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Exactech, Inc., *et al*,[1] | Case No. 24-12441 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 1059 & 1095** |

**ORDER (I) APPROVING SETTLEMENT AGREEMENT RELATED TO QUI TAM**
**LITIGATION AMONG EXACTECH, INC., THE UNITED STATES OF AMERICA,**
**AND CERTAIN RELATORS, (II) AUTHORIZING THE DEBTORS TO TAKE ANY**
**AND ALL ACTIONS NECESSARY TO EFFECTUATE THE TERMS THERETO,**
**AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement, a copy of which is attached hereto as Exhibit 1; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of the Chapter 11 Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  Osteon Holdings, Inc. (7042); Osteon Intermediate Holdings I, Inc. (7778); Osteon Intermediate Holdings II, Inc. (1292); Exactech, Inc. (3930); and XpandOrtho, Inc. (4250).  The Debtors' service address is 2320 NW 66th Court, Gainesville, Florida 32653.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Motion has been given under the circumstances, and that no other or further notice need be given; and this Court having determined that the relief requested in the Motion, and the settlement and compromises set forth in the Settlement Agreement, are fair, reasonable, and in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and having determined that the Settlement Agreement was negotiated in good faith and at arm's length between the Settlement Parties and that entry into the Settlement Agreement is an appropriate exercise of the Debtors' business judgment; and having determined that the Settlement Agreement falls above the lowest point in the range of reasonableness and meets the standard of approval under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, (a) the Debtors are authorized to enter into the Settlement Agreement; and (b) the Debtors are authorized to take any and all actions necessary to effectuate the terms contemplated by the Settlement Agreement, including, but not limited to, by entering into the Medicaid State Settlement Agreements without further order of this Court.

3.      To the extent this Court approves the Sale Transaction,  the Settlement Agreement remains in full force and effect, and the Alabama Civil Action and Maryland Civil Action are dismissed in accordance with the Settlement Agreement, the Debtors' obligation to pay (i) the Settlement Amount and (ii) the Relators' reasonable expenses, attorneys' fees, and costs, solely in an amount of (i) $660,000 for the Alabama Relators and (ii) $150,000 for the Maryland Relators, pursuant to the Settlement Agreement shall be Assumed Liabilities (as defined in the Stalking

Horse APA) under the Stalking Horse APA and shall be paid by the Stalking Horse Purchaser or its designees at the closing of the Sale Transaction.

4.      Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order is effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Debtors are authorized and empowered to, and may in their discretion and without further delay, execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate, to implement and effectuate the relief granted by this Order.

5.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: September 15th, 2025**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**